169 U.S. 551
 18 S.Ct. 415
 42 L.Ed. 850
 MERRITT et al.
v.
PRESIDENT, ETC., OF BOWDOIN COLLEGE et al.
 No. 505.
 March 14, 1898.
 
 The plaintiffs in this suit (appellees here) are the president and trustees of Bowdoin College, a corporation of Maine, and a large number of individuals who are citizens of states other than California. They sued on behalf of themselves and of all other beneficiaries under a certain deed of trust made and entered into between Catharine M. Garcelon, of the first part, and John A. Stanly and Stephen W. Purington, trustees, of the second part. The defendants were James P. Merritt and others, including Stanly and Purington. The general object of the suit was to quiet the title of the plaintiffs to the real estate conveyed by the above deed to Stanly and Purington, and to secure an injunction restraining the other defendants from violating certain alleged covenants, promises, and agreements made with the grantor, and also the specific performance of such covenants, promises, and agreements.
 The bill contained these allegations as explanatory of the reasons why the suit was not instituted by the trustees Stanly and Purington:
 'Your orators and oratrices allege and aver that they have requested the said Stephen W. Purington and John A. Stanly, as trustees as aforesaid, to institute such action, suit, or proceedings against the defendants the said James P. Merritt and Frederick A. Merritt, and their confederates, as would be necessary to quiet their title to the real estate so conveyed to them in trust as aforesaid, or to secure a perpetual injunction restraining the said James P. Merritt and Frederick A. Merritt and each of them from v olating their repeated covenants, promises, and agreements made with the said Catharine M. Garcelon, as is here-inbefore stated, and to secure a specific performance of said covenants, promises, and agreements, and the said Purington and Stanly have declined to accede to this request of your orators and oratrices; that, by reason of such refusal, your orators and oratrices are compelled to institute this suit, which your orators and oratrices do, not only in their own behalf, but on behalf of all other beneficiaries of said trust who may elect to join your orators and oratrices herein.'
 The defendants James P. Merritt and Frederick A. Merritt demurred to the bill of complaint, assigning as grounds of demurrer that it appeared from the bill that the plaintiffs were not entitled to the relief prayed against them; had not by the bill made out any title to the relief prayed; that the subject of the suit was not within the jurisdiction of a court of equity; that the court below had no jurisdiction of the suit; that it appeared from the bill that the same was exhibited against the defendants for several distinct and independent matters having no relation to each other or to one another, and in which or in the greater part of which the defendants demurring were not in any way interested or concerned; that the bill was multifarious; that it appeared from the bill that certain persons were not brought before the court who were necessary and proper parties; and that the bill did not show any matter of equity entitling the plaintiffs to the relief asked against the defendants who demurred.
 The demurrer was overruled, and the opinion of the court thereon will be found in 54 Fed. 55.
 The case was next heard on the application of the plaintiffs to file a supplemental bill making Harry P. Merritt a party defendant, and for an injunction to restrain the prosecution of an action commenced by him in the superior court of Alameda* county, Cal. Leave to file such a bill was given, and a preliminary injunction was granted 59 Fed. 6.
 Subsequently the defendant James P. Merritt filed a plea, in which it was stated that all the defendants to the bill (including the defendant Purington, who had then recently died) were at the time of the commencement of the action, and ever since had been, citizens of California; that Stanly and Purington 'could not at any time bring or maintain in this court this action nor any cause of action alleged in the said bill of complaint; that said last-named defendants, for the purpose of bringing and maintaining this action in this court, and to evade the provisions of the constitution of the United States and the laws giving jurisdiction to this court, brought and maintained this action in the names of the persons named in said bill of complaint as complainants therein, and without any authority thereto by or from said named complainants or any of them; that said named complainants are only nominal parties to said bill of complaint and in this action, and that said last-named defendants, John A. Stanly and Stephen W. Purington, claiming to be trustees as aforesaid, have always been in truth and in fact the only real parties complainant in said bill of complaint and in this action, and that they are only nominally and colorably defendants in said bill and in this action'; that 'the said John A. Stanly and Stephen W. Purington, claiming to be trustees as aforesaid, never were, nor was either of them at any time, nor is the said John A. Stanly, as trustee or otherwise, now in truth or in fact, real or genuine parties defendant, or a real or genuine party defendant to said bill of complaint; and that said John A. Stanly and Stephen W. Purington, claiming to be trustees as aforesaid, were, and each of them is, named in said bill of complaint as a party defendant thereto only colorably and by false pretense, for the purpose of making it falsely to appear that he is a party defendant thereto, and in truth the real and genuine party complainant therein; that none of the parties named in said bill as complainants therein ever was or is in truth or in fact complainants or a party complainant to said bill of complaint or in this action.'
 The plea further averred: 'That the persons named in said bill of complaint as complainants never did, and that none of said persons ever did, in truth or in fact or in good faith, request the said Stephen W. Purington and John A. Stanly, claiming to be the trustees aforesaid, or in any capacity, or either of them, to institute any suit, action, or proceeding against the defendants the said James P. Merritt and Frederick A. Merritt, or either of them, or any person of persons whatever, to quiet the title to real estate, or any part thereof, alleged in the said bill of complaint to have been conveyed to said Stephen W. Purington and John A. Stanly in trust, or to secure an injunction restraining the said James P. Merritt and Frederick A. Merritt, or either of them, from violating what is alleged in said bill of complaint to be their covenants, promises, and agreements, alleged in said bill to have been made by them with Catharine M. Garcelon, or from violating any of said alleged covenants, promises, or agreements, or to secure a specific performance of said alleged covenants, promises, or agreements, or any of them, or any action, suit, or proceeding whatever; that said Stephen W. Purington and John A. Stanly, claiming to be trustees as aforesaid, or in any capacity, never in truth or in fact or in good faith declined or refused to bring such or any action; that if the persons or any of them named in said bill of complaint as complainants therein ever did request said Stephen W. Purington and John A. Stanly, claiming to be trustees as aforesaid, or either of them, to institute any action, suit, or proceeding whatever, or if they or either of them ever declined or refused to to do, such request and such declination were not, and each of them was not, made honestly or in good faith, but at the fraudulent instance and request of said Stephen W. Purington and John A. Stanly, claiming to be trustees as aforesaid, and solely to enable said Stephen W. Purington and John A. Stanly, claiming to be trustees as aforesaid, to feign and falsely pretend to refuse such request, and thereupon to institute falsely, fraudulently, and prosecute in this court this action against this defendant.
 'That in truth and in fact said bill of complaint was prepared and filed in this court by said Stephen W. Purington and John A. Stanly, claiming to be trustees as aforesaid, and by them only, and the same and this action has ever since been, and is now, being prosecuted by them only. * * *
 'That this action is not in truth or in fact a controversy between citizens of different states. That this action is in truth and in fact a controversy solely between citizens of the state of California; that is to say, until the death of said Stephen W. Purington, between the said Stephen W. Purington and John A. Stanly, claiming to be trustees as aforesaid, citizens of the state of California, and, since his death, by said John A. Stanly, claiming to be such trustee, on the one side, and the said Frederick A. Merritt and this defendant, on the other side. That this court has no jurisdiction of the said bill of complaint and no jurisdiction of this cause.'
 The cause was heard on a motion of the defendant James P. Merritt to dismiss the suit as a collusive one within the meaning of section 5 of the act of March 3, 1875. It was adjudged that the plea in abatement was not sustained by the evidence, and the motion to dismiss was consequently overruled. 63 Fed. 213. A final decree in favor of the plaintiffs was entered June 18, 1896. From that decree an appeal was prosecuted directly to this court. But on the 24th of May, 1897, the appeal was dismissed upon the authority of Colvin v. City of Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866, The Bayonne, 159 U. S. 687, 692, 16 Sup. Ct. 185, and Chappell v. U. S., 160 U. S. 499, 507, 508, 16 up. Ct. 397. In the first of the cases cited it was adjudged that, when a case is brought here directly from circuit court of the United States upon the ground that it involves the jurisdiction of that court, the certificate as to jurisdiction must be granted during the term at which the judgment or decree is entered.
 A. T. Britton and A. B. Browne, for appellants.
 Wm. A. Maury, Thos. H. Hubbard, Robert Y. Hayne, Geo. N. Williams, and E. S. Pillsbury, for appellees.
 Mr. Justice HARLAN, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 The present appeal was taken on the 28th of June, 1897, and the case is before us on a motion of appellees to dismiss the same for want of jurisdiction in this court.
 
 
 2
 The object of the plea in abatement was to bring about a dismissal of the suit under the fifth section of the act of March 3, 1875 (18 Stat. 470, c. 137). That section provides for the dismissal of a suit in a circuit court of the United States if it shall appear to the satisfaction of the court at any time that the parties to it 'have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act.'
 
 
 3
 By the act of March 3, 1891 (26 Stat. 826, c. 517), appeals or writs of error may be taken from the district courts or the circuit courts directly to this court in certain cases, among which are cases in which the 'jurisdiction of the court is in issue,' and cases that involve 'the construction or application of the constitution of the United States.' The former appeal was dismissed upon the ground that a direct appeal to this court would not lie on an issue as to the jurisdiction of the circuit court, unless the question of jurisdiction was certified during the term at which the final decree was rendered.
 
 
 4
 It is now sought to bring the case here by appeal directly from the circuit court, upon the ground that it involves the 'construction or application of the constitution of the United States.' This position cannot be sustained. When it appears that parties have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under the act of 1875, then the circuit court is, within the meaning of the act of 1891, without jurisdiction to proceed. But the plea in this case raised no question as to the constitutionality of the act of 1875, and called for no order or judgment that would require a construction or application of the constitution, although an allowance of the plea may have involved the application of an act of congress. The plea set out certain facts which, if found to be true, required the dismissal of the suit as one of which the court could not take cognizance, under the statute regulating the jurisdiction of the circuit courts of the United States. While the issue involved the jurisdiction of the circuit court, it did not involve or require, within the meaning of the act of March 3, 1891, either the construction or application of the constitution.
 
 
 5
 For the reasons stated, the motion to dismiss the present appeal is sustained, and the appeal is dismissed.
 
 
 6
 The CHIEF JUSTICE did not sit in this case, nor participate in its decision.