**Patrick J. BURKE, Plaintiff,**

v.

**GENERAL MOTORS CORP., Callaway Oldsmobile-Cadillac Co., Inc., Defendants.**

**No. CV 80–M–0437.**

United States District Court, N. D. Alabama, S. D.

July 11, 1980.

---

John H. Lavette and Philip C. Henry, Birmingham, Ala., for plaintiff.

Charles L. Robinson, Johnston, Barton, Proctor, Swedlaw & Naff, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This action is before the court on motion of the plaintiff for an order remanding the case to state court.

The plaintiff originally filed this action in the Circuit Court for Jefferson County, Alabama against Callaway Oldsmobile-Cadillac Co., a resident defendant, and General Motors Corp., a nonresident defendant, thereby prohibiting removal to federal district court. Subsequently, a "default judgment" was entered in favor of the plaintiff and against the resident defendant with leave to prove damages. However, before damages were proved, General Motors removed the action to this court.

General Motors alleges that the "default judgment" entered against Callaway should be categorized as a voluntary act of the plaintiff thereby satisfying the rule in *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). Accordingly, this defendant asserts the action was properly removed pursuant to 28 U.S.C.A. § 1446(b).

The court has found only one case in which the court considered whether a default judgment entered against a defendant should be categorized as a "voluntary act of the plaintiff." *Higgins v. Yellow Cab Co.*, 68 F.Supp. 453 (N.D.Ill.1946). In the course of its opinion, that court stated:

> [T]he entry of a judgment against a defendant in default is not such a voluntary act of the plaintiff as to bring the case within the rule of the Powers case. First, default judgments arise by operation of law, although the plaintiff's attorney, as a formal matter, moves the court to enter judgment. But the court could enter a default judgment of its own motion. Whether a default judgment be regarded as a method of enforcing the court's process against a defendant who has ignored it, or whether default be regarded as a confession of liability by a defendant justifying the entry of judgment against him, the fact is that the entry of a default judgment is the act of the court, not of the plaintiff. Second, when a plaintiff pursues a defendant to the point of a default judgment, he has not removed that defendant from the case, as by voluntary dismissal of the claim against him, or by amendment of the pleadings, or by electing to proceed against a non-resident defendant when the resident defendant has not been served with process. Rather, the plaintiff here has pressed his claim against the defaulting defendant to the ultimate. In *Whitcomb v. Smithson*, 1900, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303, the rule of the Powers case was limited and held not applicable where the

plaintiff pressed his claim against all defendants. The Supreme Court held that the fact that at the close of the evidence the trial court directed a verdict in favor of one of the defendants, thus removing him from the case, did not operate to make the cause then removable by the other defendants.

*Id.* at 454.

This court is of the opinion that the logic of the *Higgins* court is sound and should be applied in this action.

Further, there is another facet of this action which compels remand, whether the entrance of a default judgment be considered voluntary or not. The state court entered a default with leave to prove damages. This order of default while denominated a default judgment was not in fact a final judgment of the court, and the defendant was still before the court to litigate, if it chose to do so, the issue of damages. However, if removal was proper the state court has lost the power to deal with the damages issue, since it is uniformly accepted that "once removal procedures are completed, state jurisdiction ends and any further action in state court is void." *Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 419 (D.C.S.C.1975). The parties before the court concede that this action is not severable. It is the opinion of the court, therefore, that the state court is currently without jurisdiction to determine the damages issue. This court cannot make this determination for the presence of Callaway would destroy diversity and this court's jurisdiction. To allow removal then would leave plaintiff without a forum to litigate the issue of damages in his action against Callaway.

Defaults and default judgments are not favored in the law and are liberally set aside by the courts. *Lawler Mobile Homes, Inc. v. Ellison*, 361 So.2d 1092 (Ala.Civ.App. 1978). This is the general rule because the law prefers "the determination of cases on the merits and disfavors default judgments." *Cockrell v. World's Finest Chocolate Co., Inc.*, 349 So.2d 1117, 1120 (Ala. 1977). See Ala.R.Civ.P. 55(c) and 60(b). It

can hardly be said then that defendant Callaway is out of the case voluntarily or otherwise until a judgment is entered and until all power of the court to vacate or alter that judgment has been lost. The *Powers* rule is premised upon the assumption that voluntary actions of the plaintiff which remove a party from a case are final. The lack of finality associated with both defaults and default judgments is further demonstrated by the fact that a "default judgment entered [in] the state court prior to removal . . . may be examined by the federal district court and vacated if sufficient grounds are presented." *Gray v. Permanent Mission of People's Republic, etc.*, 443 F.Supp. 816, 821 (S.D.N.Y.1978), *aff'd* 580 F.2d 1044 (2d Cir.).

For these reasons, the court is of the opinion the entry of default is not sufficient to render this action removable to this court pursuant to 28 U.S.C.A. § 1446(b). Therefore, this case is due to be remanded to the Circuit Court for Jefferson County, Alabama.