**NEW ENGLAND EXPLOSIVES CORPORATION, Plaintiff,**

v.

**MAINE LEDGE BLASTING SPECIALIST, INC., Richard Purrington, and Charles H. Kimball, Defendants.**

Civ. No. 80–1182–B.

United States District Court, D. Maine.

July 9, 1982.

Ronald Epstein, Portland, Maine, for plaintiff.

Paul Stern, S. Harpswell, Maine, for defendants.

## MEMORANDUM DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

CYR, District Judge.

In this action plaintiff seeks in Count I to enforce a mechanics' lien on certain property for which it alleges it supplied materials.

In Count II plaintiff demands judgment against the corporation with which it contracted to supply materials, as well as against its principal officer, "owner and alter ego."[1] A default judgment was entered on June 9, 1981 against both defendants under Count II, in the amount of $8,975.88. On February 4, 1981, judgment was entered in favor of the United States pursuant to an offer of judgment by the plaintiff which was accepted by the United States with the proviso that any sale of the real estate would be subject to the leasehold interest of the United States.[2] Presently before the Court are cross motions for summary judgment under Count I and a motion for the entry of final judgment under Count II against the two defaulted defendants.

## I. STATEMENT OF THE CASE

On October 29, 1979 Charles H. Kimball leased a parcel of land to the United States

---

1. Although the complaint does not explicitly state that Count I seeks the enforcement of a lien and that Count II seeks judgment against the two defendants who have no interest in the subject real estate, this seems the only reasonable construction of the allegations of the complaint and the prayer for relief.

2. Although the plaintiff has consented to judgment in favor of the United States during the course of the federal court proceedings, on remand the state court will determine the effect of the judgment. See Ayres v. Wiswall, 112 U.S. 187, 190–91, 5 S.Ct. 90, 91–92, 28 L.Ed. 693 (1884).

of America acting through the Federal Aviation Administration (F.A.A.) for the construction and maintenance of an access road and radar facility. The United States contracted with a general contractor to make improvements on the property. The general contractor subcontracted with Earth, Inc. or Stanley Ames to perform earth work for the project. Either Earth, Inc. or Stanley Ames in turn subcontracted with Maine Ledge Blasting Specialist, Inc. (Maine Ledge), and its president and owner, Richard Purrington, who in turn subcontracted with the plaintiff for the provision of materials.

Plaintiff furnished Maine Ledge and Richard Purrington with explosives and related materials used in erecting, altering, moving and/or repairing a building and/or appurtenances on the project. Materials were last supplied on July 11, 1980. There remains due for materials the sum of $8,975.88.

Plaintiff's lien claim is predicated on title 10, Maine Revised Statutes Annotated, section 3251, which provides in pertinent part:

> Whoever ... furnishes ... materials ... used in erecting, altering, moving or repairing a house, building or appurtenances ... including the clearing, grading, draining, excavating or landscaping of the ground adjacent to and upon which any such above-named objects are constructed, by virtue of a contract with or by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs. If the owner of the building has no legal interest in the land on which the building is erected or to which it is moved, the lien attaches to the building ... and ... may be enforced as provided.

**3.** The Miller Act requires a United States government contractor to post a surety bond "for the protection of all persons supplying labor and material in the prosecution of the work provided for" in the contract. *F. D. Rich Co., Inc. v. Industrial Lumber Co., Inc.*, 417 U.S. 116, 118, 94 S.Ct. 2157, 2159, 40 L.Ed.2d 703 (1974). The purpose of the Act is to provide persons supplying labor or materials for a federal construction project with a suitable al-

10 M.R.S.A. § 3251 (1980). The theory of recovery under Count II is apparently predicated on article 2 of the Maine Uniform Commercial Code, 11 M.R.S.A. §§ 2–101 *et seq.*

No claim is asserted under any federal statute, including the Miller Act, 40 U.S.C. §§ 270a–270d.[3]

This action was brought in Somerset County Superior Court on November 6, 1980. On November 26, 1980 the United States removed the case to this Court. On January 30, 1981 plaintiff filed a motion to remand on the ground that it had consented to judgment in favor of the United States. On October 23, 1981 plaintiff withdrew its motion to remand for the reason that it considered remand no longer appropriate in light of the filing by defendant Kimball of a cross-claim against the United States.

## II. JURISDICTION

If at any time before final judgment it appears that a case was improvidently removed or that the court lacks jurisdiction, the case must be remanded, *see* 28 U.S.C. § 1447(c); *Thermtron Products Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), and the Court may act *sua sponte, see McNutt v. General Motors Acceptance Corporation*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Neither the failure of a party to object to a defect in removal jurisdiction nor the agreement of the parties to remove a nonremovable case can vest a federal district court with jurisdiction. *Gainesville v. Brown-Crummer Investment Co.*, 277 U.S. 54, 59, 48 S.Ct. 454, 455, 72 L.Ed. 781 (1928); *Merritt v. Bowdoin College*, 169 U.S. 551, 556, 18 S.Ct. 415, 417, 42 L.Ed. 850

ternative to their state-law mechanics' lien remedy, since a mechanics' lien cannot attach to Government property. *J. W. Bateson Co. v. Board of Trustees*, 434 U.S. 586, 589, 98 S.Ct. 873, 875, 55 L.Ed.2d 50 (1978). Miller Act protection, however, extends only to those having a contractual agreement with the prime contractor or with a subcontractor. *F. D. Rich Co., Inc. v. Industrial Lumber Co., Inc.*, 417 U.S. at 122, 94 S.Ct. at 2161.

(1898); *Thompson v. Gillen*, 491 F.Supp. 24, 26 (E.D.Va.1980).

It appears that this action was improvidently removed by the United States and that this Court lacks jurisdiction. The jurisdictional basis asserted in the removal petition, that the action involved a mechanics' lien claim against real property in which the United States held a leasehold interest, asserts no recognized ground for removal. Title 28, United States Code, section 1441 permits removal only where the federal court would have had jurisdiction over the action as originally filed by the plaintiff. *See First National Bank v. Aberdeen National Bank*, 627 F.2d 843, 848 (8th Cir. 1980); *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 36 (7th Cir. 1979), cert. denied, 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980).[4]

## A. *Federal Question*

■ Federal question jurisdiction extends to cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331(a). The federal question must be disclosed on the face of the complaint, affirmatively and distinctly. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–1004, 39 L.Ed.2d 209 (1974); *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912); *Standage Ventures, Inc. v. Arizona*, 499 F.2d 248, 249 (9th Cir. 1974). "The federal law under which the claim arises must be a direct and essential element of plaintiff's cause of action." *San Juan Legal Services, Inc. v. Legal Services Corp.*, 655 F.2d 434, 437 (1st Cir. 1981). Federal statutes asserted by way of defense do not confer federal question jurisdiction. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. at 127–28, 94 S.Ct. at 1003–1004; *Gully v. First Nat. Bank*, 299 U.S. at 113, 57 S.Ct. at 97. Defendants cannot confer removal jurisdiction on the Court by pleading a federal question in defense. *Guinasso v. Pacific First Federal Savings & Loan Association*, 656 F.2d 1364, 1366 (9th Cir. 1981); *Border City Savings & Loan Association v. Kennecorp Mortgage & Equities, Inc.*, 523 F.Supp. 190, 192 (S.D. Ohio 1981).

The present complaint discloses no federal question or claim whatever. The suit involves a state-law contract claim and a state-law claim for the enforcement of a mechanics' lien.[5] The defense asserted by the United States, that the improvements upon which the lien claim is based are property of the United States and invulnerable to lien, did not give rise to federal question jurisdiction.[6]

---

**4.** Other removal statutes, *see, e.g.*, 28 U.S.C. §§ 1444 & 1442, are also inapplicable.

**5.** Resolution of the claim against defendant Kimball will turn upon an interpretation of the phrase "consent of the owner," appearing in 10 M.R.S.A. § 3251, [*see also* 10 M.R.S.A. § 3255(3)], which will require consideration of several decisions of the Maine Supreme Judicial Court involving somewhat similar circumstances, *compare Corey Co. v. Cummings Construction Co.*, 118 Me. 34, 105 A. 405 (1919), *with York v. Mathis*, 103 Me. 67, 68 A. 746 (1907), an undertaking more appropriately left to the courts of the state. *See Manas y Pineiro v. Chase Manhattan Bank*, 443 F.Supp. 418, 421 (S.D.N.Y.1978).

**6.** "Although it is arguable that any suit against the United States involves a federal question...," 1A *Moore's Federal Practice* ¶ 0.166 (footnote omitted), several courts have held to the contrary. *See In re Green River Drainage Area*, 147 F.Supp. 127, 140–47 (D.Utah 1956) [although sovereign immunity waived, waiver did not grant jurisdiction and suit did not fall within any area over which federal courts have original jurisdiction]; *In re 73rd Precinct Station House, Brooklyn*, 329 F.Supp. 1175, 1179 (E.D.N.Y.1971) [federal question not presented by reason of mere fact United States is a named defendant]. *But see* 1A *Moore's Federal Practice* ¶ 0.166 at 359–60 n.6 (2d ed. 1981). Even if the naming of the United States as a defendant were held to raise a federal question, removal jurisdiction cannot be predicated on 28 U.S.C. § 1441, since not all defendants have joined in the removal petition. *See Gableman v. Peoria, Dacatin & Evansville Ry. Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900); *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir. 1967); *Howard v. George*, 395 F.Supp. 1079, 1080–81 (S.D. Ohio 1975).

## B. Diversity

A state court civil action may be removed to a federal district court if *none* of the parties in interest properly joined and served as defendants is a citizen of the state in which the action has been brought. 28 U.S.C. § 1441(b). There must be complete diversity and the amount in controversy must exceed $10,000. Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3723. Diversity must exist at the time the complaint is filed in the state court and at the time the removal petition is filed. *Kellam v. Keith*, 144 U.S. 568, 569, 12 S.Ct. 922, 36 L.Ed. 544 (1892); *Boesenberg v. Chicago Title & Trust Co.*, 128 F.2d 245, 247 (7th Cir. 1942); *Kerstetter v. Ohio Casualty Insurance Co.*, 496 F.Supp. 1305, 1307 (D.Pa.1980).

However, in an action against a resident and a nonresident defendant, the action may become removable if the plaintiff voluntarily dismisses the action against the resident defendant. *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 98, 18 S.Ct. 264, 266, 42 L.Ed. 673 (1898); *Simpson v. Providence Washington Insurance Group*, 608 F.2d 1171, 1174 (9th Cir. 1979); *Growth Realty Companies v. Burnac Mortgage Investors, Ltd.*, 474 F.Supp. 991, 995 (D.P.R. 1979). If the resident defendant is *involuntarily* dismissed from the action, the case does not thereby become removable. *Lathrop, Shea & Henwood Co. v. Interior Construction and Improvement Co.*, 215 U.S. 246, 251, 30 S.Ct. 76, 78, 54 L.Ed. 177 (1909);

*Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967).

The Court cannot exercise diversity jurisdiction in the present action. Two of the four defendants in the state court action were citizens of Maine at the time the action was filed and when it was removed. The fact that the Maine defendants have since been defaulted does not confer diversity jurisdiction on this Court.[7] There has been no voluntary dismissal of the action as against the Maine defendants, nor has any final judgment been entered against them. Aside from lacking the requisite diversity, the present action does not satisfy the jurisdictional-amount requirement for diversity jurisdiction, since the total demand for damages is $8,975.88.[8]

## C. Cross-Claim Against United States

In its cross-claim against the United States, defendant Kimball seeks to be held harmless for any outstanding debts due for materials supplied for the construction project. The United States asserts federal jurisdiction under title 28, United States Code, sections 1441(a) and (c) and 1346(a)(2). The United States seems to contend that the cross-claim asserts a claim under the Tucker Act. *See* 28 U.S.C. § 1346(a)(2).

The cross-claim alleges that the F.A.A. contracted for all labor, materials and services required for the road construction and radar facility installation. It further alleg-

7. Even if the two Maine defendants, Maine Ledge and Richard Purrington, had been defaulted in *state court*, and a default judgment had entered in favor of the plaintiff, the present action would not have become removable on diversity grounds since entry of a default judgment is an act of the court, not a voluntary act of the plaintiff. *Burke v. General Motors Corp.*, 492 F.Supp. 506, 508 (N.D.Ala.1980).

8. Although it is not clear from the complaint, Count I appears to assert a claim only against the defendants who have an interest in the land upon which a lien is sought to be imposed, that is, defendant Kimball and the United States. Under such a construction of the complaint it is arguable that Count I might constitute a "separate and independent claim," which would be removable due to the presence of complete diversity between the parties to that suit and due to the fact that defendant Kimball is not a Maine citizen, thus permitting the removal of the entire case. *See* 28 U.S.C. § 1441(c). Given the fact that there appears to be a single wrong alleged by the plaintiff, that is, nonpayment for the materials, it is doubtful that Count I would be considered a "separate and independent claim" under 28 U.S.C. § 1441(c). *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13, 71 S.Ct. 534, 539, 95 L.Ed. 702 (1951); *New England Concrete Pipe Corporation v. D/C Systems of New England*, 658 F.2d 867, 872 (1st Cir. 1981); *Preas v. Phebus*, 195 F.2d 61, 63 (10th Cir. 1952) [single wrong despite separate prayers for relief]. The Court need not reach this issue because the requisite amount in controversy is lacking.

es that the F.A.A. "owes an equitable and legal obligation to defendant Kimball to hold him harmless against any debts outstanding for materials supplied for the construction of the road and radar facility installation." [9] The cross-claim contains no prayer and no statement of the grounds upon which jurisdiction is asserted. *See* Fed.R.Civ.P. 8(a).

The Tucker Act provides in pertinent part:

> § 1346. *United States as defendant*
>
> (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
>
> . . . . .
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, *or upon any express or implied contract with the United States,* or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to section 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

28 U.S.C. § 1346(a)(2) (1976 ed. Supp. IV) (*emphasis added*). "It is ... well recognized that reference in the statute to action on 'implied contracts' encompasses only contracts that are implied in fact; contracts that are implied in law or quasi contracts are outside the Court's jurisdiction." Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3657, at 221

**9.** *See* Kimball cross-claim, at ¶ 26.

**10.** The right asserted in the Kimball cross-claim is not based on any express provision of the lease.

**11.** Where federal jurisdiction is doubtful the action should be remanded. *PLM, Inc. v. Consolidated Rail Corp.,* 490 F.Supp. 194, 197 (E.D.

(footnotes omitted). *See also Army and Air Force Exchange Service v. Sheehan,* —— U.S. —— at —— n.10, 102 S.Ct. 2118, 2124 n.10, 72 L.Ed.2d 520 (1982); *Hatzlachh Supply Co. v. United States,* 444 U.S. 460, 465 n.5, 100 S.Ct. 647, 650 n.5, 62 L.Ed.2d 614 (1980).

The Kimball cross-claim does not assert a claim cognizable under the Tucker Act. Whatever alleged obligation of the United States may constitute the predicate for the Kimball cross-claim, aside from the lease,[10] was at best quasi-contractual in nature. Congress has not waived the sovereign immunity of the United States in suits based on quasi-contractual obligations. Therefore, the Court lacks jurisdiction of the cross-claim.[11] *Glidden Company v. Zdanok,* 370 U.S. 530, 564, 82 S.Ct. 1459, 1479, 8 L.Ed.2d 671 (1962); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

## III. CONCLUSION

The present action must be remanded. As the First Circuit recently explained, in vacating a federal district court judgment with instructions to remand a case to state court nearly six and one-half years after its removal—

> "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties. To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them"

Pa.1980). The rule is based on the inexpediency or unfairness of exposing a plaintiff to the possibility of obtaining a "final" judgment in federal court, only to have it determined on appeal that the federal court lacked subject matter jurisdiction. *Limbach Co. v. Renaissance Center Partnership,* 457 F.Supp. 347, 349 (W.D.Pa.1978).

*American Fire & Casualty Co. v. Finn,* 341 U.S. at 17–18 [71 S.Ct. at 541–542] (footnote omitted); *accord, Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374 [98 S.Ct. 2396, 2402, 57 L.Ed.2d 274] (1978); *Mansfield, Coldwater & Lake Michigan Ry. v. Swan,* 111 U.S. 379, 382 [4 S.Ct. 510, 511, 28 L.Ed. 462] (1884). *New England Concrete Pipe Corporation v. D/C Systems of New England, Inc.,* 658 F.2d 867, 874 (1st Cir. 1981).

It appearing that the within action was improvidently removed and that the Court lacks jurisdiction of the subject matter, it is *ORDERED* that the action be remanded to the Somerset County Superior Court.