MAINE EMPLOYERS MUTUAL
INS. CO., Plaintiff,

v.

YATES INSURANCE AGENCY and
John Baer, Defendants.

No. Civ. 99–CV–51–P–C.

United States District Court,
D. Maine.

June 01, 1999.

James D. Poliquin, Norman, Hanson & Detroy, Portland, ME, for plaintiff.

John S. Whitman, Richardson, Whitman, Large & Badger, Portland, ME, for defendants Yates Insurance & John Baer.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an action by a workers' compensation insurer to recover premiums allegedly owed by Commercial Welding, Inc, and/or CWCO, Inc. with respect to policies issued in 1993. The case was commenced in Cumberland County Superior Court by Plaintiff, Maine Employers Mutual Insurance Co. ("MEMIC") on January 21, 1998, against Commercial Welding, Inc., CWCO, Inc., C. Cleve Whitener, Lauren Engineers & Constructors, Inc., Yates Insurance Agency ("Yates"), and John Baer. On March 20, 1998, Commercial Welding, Inc. filed a Chapter 7 petition in U.S. Bankruptcy Court in Lubbock, Texas. Consequently, Whitener and Lauren Engineers & Constructors, Inc. filed a notice of removal to U.S. District Court pursuant to 28 U.S.C. § 1452, with jurisdiction of the federal court claimed to exist pursuant to 28 U.S.C. § 1334. The case number for this action is civil docket number 98–211–P–C. On June 8, 1998, MEMIC filed a motion to remand the case to Cumberland County Superior Court. Pursuant to an order issued on February 11, 1999, the Court remanded MEMIC's claims against

Yates and Baer and transferred all other claims to the United States Bankruptcy Court in Portland, Maine. *See Order On Objections to the Recommended Decision of the Magistrate Judge,* February 11, 1999, (Docket No. 3) ("Order"). The instant case before the Court is civil docket number 99–51–P–C and consists of Plaintiff MEMIC and Defendants Yates and Baer. On March 1, 1999, Defendants, filed a notice of removal of this action from Maine Superior Court in Cumberland County to this Court, claiming that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and on March 12, 1999, Plaintiff filed an objection thereto (Docket Nos. 1, 4). Before the Court is Plaintiff's motion requesting the Court to remand the case back to Cumberland County Superior Court and Defendant's objection thereto (Dockets Nos. 5, 7).

The Court must determine whether a remand of the action to state court is required. To resolve this issue in the instant case, the Court must examine the provisions governing removal to determine if the case was properly removed to federal court. Title 28 U.S.C. § 1441(a) states the general rule that a case is removable from a state court to a federal court only if the action could have been brought in federal court originally. There is an exception to the general removal rule relevant to this case. Under some circumstances, a state court dispute that cannot be removed to federal court in its original incarnation may become removable later. Title 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of

this title more than 1 year after commencement of this action.

Despite the broad language of the exception, courts have not interpreted this section as opening the door widely to removal following a change in the status of parties.

■ Removal in a situation where the case *becomes* removable at a point after the initial pleadings are filed is available only under limited circumstances. *See* 14C C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3732 at 229–310 (1998). The exception carved out by the courts relying on § 1446(b) is that a defendant has the right to remove an initially nondiverse case when diversity is created by voluntary actions taken by a plaintiff that are not within the control of the removing defendant. *See Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 754–55 (4th Cir.1996); *DeBry v. Transamerica Corp.,* 601 F.2d 480, 486–88 (10th Cir.1979); *Pepsico, Inc. v. Wendy's Intl., Inc.,* 118 F.R.D. 38, 40–41 (S.D.N.Y.1987). The rationale for the exception is that although a defendant should not be allowed to change his circumstances after the complaint is filed for the sole purpose of effectuating removal, there is no reason to protect the plaintiff against the adverse consequences of the plaintiff's own voluntary acts. *See Yarnevic,* 102 F.3d at 754–55 (citing *DeBry,* 601 F.2d at 486–87). Some courts, in applying the voluntariness rule, also rely on the rationale that a plaintiff should not be forced out of state court without his or her consent and judicial economy. *See Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 72 (7th Cir.1992).

Courts are divided, however, as to how they define "voluntary" for purposes of the plaintiff's action that renders the case removable. The Court of Appeals for the Second Circuit abides by the so-called appealability/finality rationale and, accordingly, treats a *court-ordered* dismissal of a nondiverse defendant as a voluntary action of the plaintiff if the plaintiff merely accedes to the dismissal by failing to appeal. *See Quinn v. Aetna Life & Cas. Co.,* 616

F.2d 38, 40 (2d Cir.1980) (upholding the right of removal after the trial court had dismissed the case against the nondiverse defendant and plaintiff's time to appeal had expired). Other courts interpret the doctrine in the traditional mariner: only dismissals initiated by the plaintiff count as voluntary, even if the plaintiff can no longer appeal the dismissal. *See Poulos*, 959 F.2d at 71–72 (holding that case did not become removable upon dismissal of nondiverse defendant because that dismissal was involuntary with respect to plaintiff); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir.1967) (quoting Note, *The Effect of Section 1446(b) on the Non–Resident's Right to Remove*, 1156 U.Pa.L.R. 264, 267 (1966)) ("holding that in a diversity case, the voluntary-involuntary rule states: if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's acting against the wish of the plaintiff, the case could not be removed"); *Fry Metals, Inc., v. Cheng*, 1995 WL 138945 *3 (D.N.J.) (holding that courts draw a distinction between a state judge terminating the action as to a nondiverse party (*e.g.*, by granting a defendant's motion to dismiss)—which does not make the action removable—and the plaintiff voluntarily terminating the action as to a nondiverse party—which does make the action removable) (citing *American Dredging Co. v. Atlantic Sea Con, Ltd.*, 637 F.Supp. 179, 181 (D.N.J.1986)); *Jenkins v. Nat'l Union Fire Ins. Co. of Pennsylvania*, 650 F.Supp. 609, 611 (N.D.Ga.1986) (holding that § 1146(b) is based upon the policy favoring the plain-

tiff's power to determine the removability of his or her case and finding that a court order transferring venue that resulted in complete diversity was not due to any voluntary act of the plaintiff); *Strandholm v. General Constr. Co.*, 222 F.Supp. 12, 13 (D.Or.1963) (holding that dismissal from the case of resident defendants was not a voluntary act by plaintiff for purposes of § 1446(b) but was by reason of order of the state court). The Court specifically notes *New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.*, 542 F.Supp. 1343, 1347 n. 7 (D.Me.1982), a decision of this Court. In that case, the Court held that a default judgment entered by the Court against a nondiverse defendant and creating complete diversity among the parties remaining in the case did not render that case removable. *See id.* The Court concluded, without discussion or consideration of possible exceptions, that a court order is never a voluntary act of the plaintiff. *See id.* Thus, the majority of courts conclude that a court order is not a "plaintiff's voluntary act" for purposes of removal if it is not initiated by the plaintiff. Furthermore, this Court has suggested, albeit in a footnote, that a court order is *never* a voluntary act of the plaintiff for purposes of removal.

■ Here, the Order that created complete diversity between the present parties is not a voluntary act by Plaintiff that created jurisdiction under either the appealability/finality doctrine or the traditional voluntariness doctrine. In the present action, after the case had been removed to this Court by virtue of 28 U.S.C. § 1452,[1] Plaintiff filed a motion requesting that the Court remand the action

---

1. Title 28 U.S.C. § 1452 provides:

 (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

 (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under 1254 of this title.

to state court or abstain from hearing the action. *See* Order (Docket 3). The Court issued the Order which remanded Plaintiff's claims against the current Defendants and transferred the remaining claims to bankruptcy court in light of the pending Chapter 7 proceeding. Notwithstanding the holding in *New England Explosives* suggesting that a court order is never a proper jurisdiction-creating event for purposes of removal under § 1446(b), the Court will analyze whether the Order issued in this case is a voluntary act by Plaintiff. Pursuant to the traditional rule, § 1446(b) applies only to situations where diversity is created by a voluntary act of the plaintiff that is involuntary to the defendant. Here, Plaintiff filed the original motion for remand and/or abstention and, thus, the resulting court action could be viewed as a manifestation of Plaintiffs voluntary act. However, the Order ultimately remanded the claims against two defendants to state court and did not fulfill Plaintiff's request to remand the entire action to state court. The consequential diversity of the parties was a result of the Court's Order and not of Plaintiff's wishes. Indeed, the Order in the instant case was an act against the wishes of Plaintiff as evidenced by the fact that Plaintiff has filed an appeal of the Order. Thus, the Order is not a voluntary act of the plaintiff. *See Jenkins,* 650 F.Supp. at 611; *see also Weems,* 380 F.2d at 546. Accordingly, the present case is not removable under the traditional voluntariness doctrine.

 This case is also not removable under the appealability/finality doctrine.

The courts that allow a court order to qualify as the involuntary event creating jurisdiction for purposes of § 1446(b) require that the time for appeal have passed. *See Quinn,* 616 F.2d at 40; *Weems,* 380 F.2d at 548 (one of the first cases interpreting the present version of § 1446(b) and holding that a dismissal that results in diversity was not final because it was appealable in the state court and, thus, was not a jurisdiction-creating event for purposes of 1446(b)).[2] Here, both Plaintiff and Defendants have appealed from the Order of the Court, and, as of the date of this decision, that appeal is pending. The parties apparently believe that the Order is appealable, and the Court of Appeals for the First Circuit will determine whether they are correct. The underlying purpose of the appealability/finality rule is to avoid the "yo-yo effect" of a plaintiff appealing a court order in state court, having success on appeal, destroying federal court jurisdiction, and compelling remand to the state court. *See Poulos,* 959 F.2d at 72. This risk is present in this case because on appeal, the Court of Appeals for the First Circuit may determine that the entire action, rather than the claims against the present defendants, should have been remanded to state court, which would result in extinguishing diversity jurisdiction. Therefore, the Court's Order is not a final event that causes the Court to revisit jurisdiction for removal purposes under § 1446(b). Accordingly, the Court concludes that the case is not removable under § 1446(b) pursuant to either the appealability/final order doctrine or the traditional voluntariness doctrine.[3]

2. An apparently unique complication occurs here because it is uncertain, in the Court's view, whether the Order is appealable under the collateral order doctrine, a decision that will presumably be made by the Court of Appeals in the current pending appeal.

3. Even if § 1446(b) were applicable to this case, it would likely not be removable under this section for a second reason. The section explicitly states that "a case may not be removed on the basis of jurisdiction conferred

by § 1332 of this title more than one year after commencement of this action." 28 U.S.C. § 1446(b). The present case was commenced on January 21, 1998, became subject to federal jurisdiction pursuant to 28 U.S.C. § 1331 on February 11, 1999, by virtue of the Order, and Defendants filed their notice of removal on February 26, 1999. Accordingly, the time limitation for removing this action pursuant to § 1446(b) has passed.

Defendants ask the Court to choose not to apply the one-year limitation to this case and

Defendants argue that § 1446(b) does not apply to the case at bar in the first instance because the section applies only to cases that *become* removable and not to cases that are removable as stated in the initial pleading. Defendants are correct that § 1446(b) applies only to cases that become removable by virtue of an event after the initial pleading. This is indicated by the language of the first sentence that qualifies "[i]f the case stated by the initial pleading is not removable because the action was removable from the filing . . . ." 28 U.S.C. § 1446(b). Thus, the rules contained in the paragraph, including the one-year-from-commencement time limitation for the removal of diversity cases, apply only to actions that are not removable as they are stated in their initial pleadings. Defendants curiously contend that this case *was removable* as stated in the initial pleadings under 28 U.S.C. § 1452. The Court disagrees with Defendants on this point. The original case was *arguably* removable pursuant to § 1452 on March 20, 1999, when Commercial Welding filed its Chapter 7 petition in bankruptcy court. It was not, however, removable as it was "stated by the initial pleading" on January 21, 1998, before a defendant filed a Chapter 7 petition. The case "stated by the initial pleading" was not removable because there was no basis upon which to find federal jurisdiction. Moreover, the Court ultimately determined on February 11, 1999, that Plaintiff's claims against Defendants were, in fact, neither removable pursuant to § 1452 nor properly before this Court pursuant to § 1334 and remanded them to state court. Thus, the Court rejects Defendants' contention that § 1446(b) does not apply to the present case.

contend that the provisions of § 1446(b) are not jurisdictional and may be waived in the Court's discretion according to equitable considerations guided by the legislative purpose of the provision. Defendants primarily argue that significant progress in state court has not occurred and, thus, one of the rationales behind the one-year limitation is not invoked in this case. A district court in this circuit has

The Court concludes that the case is not removable pursuant to § 1446(b). Accordingly, the Court **ORDERS** that Plaintiff's Motion for Remand (Docket No. 5) be, and it hereby is, **GRANTED**.

held that the one-year time limitation is to be strictly construed and has defined the limitation as "a per se prohibition." *Santiago v. Barre Nat'l, Inc.,* 795 F.Supp. 508, 510–11 (D.Mass.1992). Without deciding whether the one-year limitation is, in fact, jurisdictional, the Court will not apply it in this case because the case is otherwise not removable to federal court.