Mary Jean **MERRITT**, Plaintiff,

v.

**MAZDA MOTOR OF AMERICA, INC., et al., Defendants.**

No. CIV. A. 00–A–707–N.

United States District Court, M.D. Alabama, Northern Division.

July 6, 2000.

**1306**

Donald C. McCabe, Everett McRae Urech, McCabe & Urech, PC, Daleville, AL, R. Ben Hogan, III, Hogan, Smith & Alspaugh, P.C., Birmingham, AL, for Mary Jean Merritt.

Mark W. Lee, Marjorie P. Slaughter, Parsons, Lee & Juliano, P.C., Birmingham, AL, Richard F. Calhoun, Calhoun, Faulk, Watkins & Clower, Troy, AL, for Mazda Motor of America, Inc., Mazda Motor Corporation.

Charlie W. Merritt, Enterprise, AL, pro se.

### MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This case is before the court on a Motion to Remand (Doc. # 3) filed by the Plaintiff Mary Jean Merritt (the "Plaintiff") on June 5, 2000. This case was originally filed by the Plaintiff in the Circuit Court of Pike County, Alabama on October 13, 1999 alleging claims against Mazda Motor of America, Inc., Mazda Motor Corporation, and Charlie Merritt ("Merritt"). Merritt was served with process on October 12, 1999 but failed to file a response. On April 28, 2000, the Circuit Court of Pike County entered a Judgment by Default against Merritt on the issue of liability. On May 30, 2000, Mazda Motor of America, Inc. and Mazda Motor Corporation (the "Defendants") filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 alleging that Merritt was fraudulently joined as a defendant in the case.

For the reasons to be discussed the Plaintiff's Motion to Remand is due to be GRANTED.

### II. *REMAND STANDARD*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

### III. *FACTS*

The Complaint alleges the following facts:

On November 1, 1997, Plaintiff was riding in the front seat of a 1993 Mazda 929, Vin # JM1HD4617P0211429, that was driven by her husband, Merritt. Merritt lost control of his car on U.S. 231, crossed the median into the oncoming lanes of

traffic and collided with a 1995 Chevrolet Model 250 truck. The collision resulted in the sheet metal being stripped from the front and rear doors on the passenger side of the car. This collision also resulted in the front passenger door opening and exposing the Plaintiff's right leg to the other vehicle and ultimately to being shut back in by the door. Because of the injuries she sustained by this accident, the Plaintiff had to have her right leg amputated above the knee.

The Plaintiff argues that the Mazda vehicle her husband was driving was defective in several respects. *See* Complaint ¶ 4. The Plaintiff is seeking recovery under the Alabama Extended Manufacturers Liability Act, *see* Complaint ¶¶ 4–6, and, in the alternative, is seeking recovery against Merritt for negligent or wanton conduct. *See* Complaint ¶ 7. The Plaintiff is also alleging a claim of breach of implied warranty. *See* Complaint ¶ 9.

## IV. *DISCUSSION*

According to the Defendants, the initial complaint was not removable to federal court because it stated a claim against a non-diverse defendant, Merritt. *See* Def. Br. ¶ 4. On May 1, 2000, however, the Defendants received a case action summary from the Circuit Court of Pike County indicating that the court had entered a default judgment against Merritt on April 28, 2000. *See id.* The Defendants further contend that although they knew that Merritt was the Plaintiff's husband, they could not show at the time of the initial pleading that there was no possibility that the Plaintiff could prove a cause of action against him. *See id.* ¶ 5 (citing *Insinga v. LaBella,* 845 F.2d 249, 254 (11th Cir. 1988)). Thus, the Defendants argue that it was not until the receipt of the "order or other paper" on June 1, 2000 that they realized the case would not proceed against the non-diverse defendant and that the case was removable. *See id.* ¶ 6. Therefore, the Defendants argue they

have properly removed the case within 30 days of June 1, 2000 when they learned of the entry of default against Merritt. *See id.* ¶ 7.[1]

The Plaintiff argues that Merritt was "neither fraudulently joined as a party to this case nor voluntarily dismissed." *See* Pl. Br. at 1. First, the Plaintiff argues that it is not disputed that she asserted legitimate causes of action against Merritt in her initial pleading. *See id.* at 2. Thus, the Plaintiff contends that the Defendants have not produced any evidence of fraudulent joinder. *See id.* Second, the Plaintiff alleges that the Defendants are relying on the "voluntary-involuntary rule" under § 1446(b) to support the removal of the case. *See id.* According to the Plaintiff, this rule allows a defendant to remove a case when the plaintiff voluntarily dismisses a non-diverse defendant. *See id.* (citing *Lane v. Champion Int'l Corp.,* 844 F.Supp. 724 (S.D.Ala.1994)). The Plaintiff argues that a default judgment does not constitute a voluntary dismissal by the plaintiff. *See id.* at 3 (citing *Burke v. General Motors Corp.,* 492 F.Supp. 506 (N.D.Ala.1980)). Finally, the Plaintiff contends that because the default judgment does not evidence fraudulent joinder or a voluntary dismissal of claims against Merritt, the Defendants have not produced any facts that were not apparent from the face of the initial complaint in October of 1999. *See id.* Consequently, the Plaintiff argues that the removal by the Defendants was not timely or proper. *See id.* at 4.

According to 28 U.S.C. § 1441(a) a defendant may remove a case from state court to a district court if the case could have originally been filed in the district court. *See* 28 U.S.C. § 1441(a). Section 1446, United States Code, Title 28 addresses the procedures for removal of cases to federal court. According to § 1446(b):

---

1. The Defendants labeled two paragraphs # 6, but the court will refer to the second para-graph # 6 as paragraph # 7.

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case many not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (1994). The initial pleading in this case was filed on or around October 12, 1999, more than 30 days before removal.

The Plaintiff's Complaint alleged claims against Merritt, a citizen of the State of Alabama. The Plaintiff is also a citizen of the State of Alabama. This action, therefore, was not originally removable based on 28 U.S.C. § 1332(a)(1), diversity jurisdiction. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (noting that to satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant). The only way this action would have been removable initially is if Merritt had been fraudulently joined as a defendant by the Plaintiff to defeat diversity.

■ It does not appear to the court that the Defendants could determine from the initial pleading if Merritt was fraudulently joined. The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against

the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir.1998). None of these three tests could be proven by the Defendants based on the allegations in the Complaint, especially in light of the heavy burden placed on the Defendant in proving fraudulent joinder. *See Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400, 407 (M.D.Ala. 1995). Consequently, the Defendants could not remove the case at the time they were served with the Complaint. Therefore, the question for the court is whether the entry of a default judgment against Merritt establishes fraudulent joinder and began the time running again for removal under 28 U.S.C. § 1446(b) as an " . . . order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . . "

■ The Pike County Circuit Court entered a default judgment against Merritt on liability. The question of damages still exists with respect to Merritt. Specifically, the case action summary reflects on April 28, 2000 that "Judgment by Default is rendered for the Plaintiff and against the Defendant, Charlie W. Merritt, on the issue of liability. The issue of Damages will be set for trial on application of either party." *See* Docket Sheet (noting that sheet is signed by the Judge). Thus, although a default judgment has been entered, it is not a final judgment of the court because Merritt can still address the issue of damages. There is still a non-diverse defendant who is part of the lawsuit and this court could only have jurisdiction over the case if Merritt was fraudulently joined. *Accord New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.,* 542 F.Supp. 1343, 1347 n. 7 (D.Me.1982) (holding that

a default judgment entered by the court against a nondiverse defendant and creating complete diversity among the parties remaining in the case did not render that case removable). Consequently, the default judgment cannot be considered an "order or other paper" by which the Defendants determined that this case was removable.

 Moreover, it has long been established that a change in parties which destroys diversity will render a complaint removable under § 1446(b) only when the change is made by a voluntary act by the plaintiff, such as the filing of an amended complaint. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967); *Mize v. Amercraft Corp.*, 874 F.Supp. 356, 358 (M.D.Ala.1994) (DeMent, J.) ("Under section 1446(b), removal is possible whenever [diversity] occurs, so long as the change of parties was voluntary as to the plaintiff."). The entry of a default judgment is not considered such a voluntary action by the plaintiff. *See Burke*, 492 F.Supp. at 507.[2] In *Maine Employers Mutual Insurance Co. v. Yates Insurance Agency*, 52 F.Supp.2d 135, 136 (D.Me.1999), a district court noted that a defendant has a right to remove an initially nondiverse case when diversity is created by voluntary actions of the plaintiff. The *Maine Employers* court found that a court order could not be a voluntary act on behalf of the plaintiff. *See Maine Employers*, 52 F.Supp.2d at 137 (citing *New England Explosives Corp.*, 542 F.Supp. at 1347). The court employed an analysis known as the "voluntary-involuntary rule."[3] In other words, if a resident defendant is dismissed from a case by the voluntary act of the plaintiff, the case becomes removable, but if the dismissal is the result of either the defendant's or the court's action, the case could not be removed. *See Weems*, 380 F.2d at 546. In the present case, the entry of default was by the court and thus, is not a voluntary act by the Plaintiff. Therefore, even if the default judgment had removed the resident Defendant as a party, the action of the court is not considered a voluntary action by the Plaintiff, and the Defendant cannot use § 1446(b) to remove the case.

Finally, the Defendants have not offered any new evidence, in addition to what they knew when they received the Complaint, that Merritt was fraudulently joined. The Defendants attempt to rely on the entry of the default judgment as evidence that Merritt was fraudulently joined, arguing that it became clear that Merritt was "peculiarly" joined with the Plaintiff and that he would not defend his claim. The Defendants knew, however, that Merritt was the Plaintiff's spouse. The entry of default judgment indicates not only that there is a possibility the Plaintiff could establish a cause of action against the resident defendant, Merritt, in state court, but that she has, in fact, established it. Now, the Plaintiff has the right to recover on that claim. Therefore, because there was no new information that the Defendants learned of, and because the default judgment does not indicate that Merritt was fraudulently joined, the court finds that the Defendants' removal based on fraudulent joinder was untimely. Accordingly, the Plaintiff's Motion to Remand is due to be GRANTED.

**2.** Even though the Plaintiff moves the court for entry of default, as the case was here, "default judgments arise by operation of law." *See Burke*, 492 F.Supp. at 507 (citing *Higgins v. Yellow Cab Co.*, 68 F.Supp. 453 (N.D.Ill.1946)). In fact, "when a plaintiff pursues a defendant to the point of a default judgment, he has not removed that defendant from the case, as by voluntary dismissal of the claim against him, or by amendment of the pleadings .... Rather, the plaintiff ... has pressed his claim against the defaulting defendant to the ultimate." *See Higgins*, 68 F.Supp. at 454.

**3.** It appears that the Second Circuit uses an appealability/finality rule in determining whether the dismissal of a nondiverse defendant allows the case to be removed. *See Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 (2d Cir.1980). Under this doctrine in order for a court order to be considered involuntary, the time for appeal must have passed. *See id.*

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is due to be GRANTED. A separate order will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion issued on this day, it is ORDERED as follows:

1. The Plaintiffs' Motion to Remand is GRANTED.

2. This cause is hereby REMANDED to the Circuit Court of Pike County, Alabama.

3. The clerk is DIRECTED to take all steps necessary to effect this remand.