WHITCOMB *v.* SMITHSON.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 150. Submitted December 4, 1899. — Decided January 8, 1900.

On the facts, as stated below, it is *held* that the action of the Circuit Court in remanding the cause after its removal on the first application is not open to revision on this writ of error; and that, as the state court did not err in denying the second application, the motion to affirm must be sustained, as the question of the effect of that remanding order gave color for the motion to dismiss.

THIS was an action brought in the District Court of Ramsay County, Minnesota, by John A. Smithson against the Chicago Great Western Railway Company, and H. F. Whitcomb and Howard Morris, receivers of the Wisconsin Central Company, to recover for personal injuries while he was serving the Chicago Great Western Railway Company as a locomotive fireman, in a collision between the locomotive on which he was at work and another locomotive operated by Whitcomb and Morris, as receivers of the Wisconsin Railway Company, appointed by the United States Circuit Courts for the Eastern District of Wisconsin and the District of Minnesota. The Chicago Great Western Railway Company answered the complaint, and the receivers filed a petition for the removal of the cause into the Circuit Court of the United States for the Dis-

trict of Minnesota setting up diverse citizenship, and that they were officers of the United States courts; that the controversy was separable, and that the railway company was fraudulently made a party for the sole purpose of preventing the removal of the cause. Plaintiff answered the petition and asserted that the company was made party defendant in good faith, and not for that purpose. An order of removal was entered and the cause sent to the Circuit Court, and thereafterwards that court, on hearing on rule to show cause, remanded it to the District Court of Ramsay County. Defendants Whitcomb and Morris being in default, it was stipulated between plaintiff and themselves that in consideration that plaintiff allowed them to answer, plaintiff should have a trial of the cause at the June term, 1896, of the court, and further " in case of a final judgment in said action in favor of said plaintiff against said receivers, that the receivers will not oppose the allowance of the same before the master in chancery." Whitcomb and Morris thereupon filed their answer.

The case came on for trial on the morning of April 20, 1897, when Whitcomb and Morris asked leave to file an amended answer, setting up that the court was without jurisdiction because the cause was pending in the Circuit Court. The application was denied, and said defendants excepted. The trial proceeded, and after the testimony was closed, on April 21, counsel for the Chicago Great Western Railway Company moved that the jury be instructed to return a verdict in behalf of that defendant, which motion the court granted. Thereupon the receivers asked permission to file a petition for removal supplemental to the petition already on file, and proffer of petition and bond being treated as made, the court denied the application, and exception was taken. On the morning of April 22 the court instructed the jury to return a verdict in favor of the Chicago Great Western Railway Company, which was done, and thereupon the case went to the jury, which returned a verdict on April 23 against Whitcomb and Morris as receivers, and assessed plaintiff's damages. Motion for new trial having been made and overruled, judgment was entered on the verdict, and was subsequently affirmed

by the Supreme Court of Minnesota on appeal.   71 Minnesota,. 216.   The pending writ of error having been issued, motions to dismiss or affirm were submitted.

*Mr. John A. Lovely* for the motions.

*Mr. Howard Morris* and *Mr. Thomas H. Gill* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The action of the Circuit Court in remanding the cause after its removal on the first application is not open to revision on this writ of error.   *Missouri Pacific Railway* v. *Fitzgerald,* 160 U. S. 556.   And if the state court did not err in denying the second application, the motion to affirm must be sustained, as we think the question of the effect of that remanding order gave color for the motion to dismiss.

The record shows that the Circuit Court granted the motion to remand on the authority of *Thompson* v. *Chicago, St. Paul &c. Railway,* 60 Fed. Rep. 773, in which case it was ruled that there was no separable controversy; and its judgment covered the question of fact as to the good faith of the joinder. The contention here is that when the trial court determined to direct a verdict in favor of the Chicago Great Western Railway Company, the result was that the case stood as if the receivers had been sole defendants, and that they then acquired a right of removal which was not concluded by the previous action of the Circuit Court.   This might have. been so if when the cause was called for trial in the state court plaintiff had discontinued his action against the railway company, and thereby elected to prosecute it against the receivers solely, instead of prosecuting it on the joint cause of action set up in the complaint against all the defendants.   *Powers* v. *Chesapeake & Ohio Railway,* 169 U. S. 92.   But that is not this case.   The joint liability was insisted on here to the close of the trial, and the non-liability of the railway company was ruled *in invitum.*

As stated by the Supreme Court of Minnesota, "it was alleged in the complaint that both of these defendants operated locomotives and trains over tracks owned by the Chicago and Northern Pacific Railway Company, in the city of Chicago, and it was on this track that the collision occurred. The negligence alleged on the part of the receivers was in allowing their locomotive to stop and remain standing in the night time at a certain place on their track, and when there was imminent danger of a collision, without giving proper or any signals of having so stopped; while the negligence on the part of the Chicago Great Western Company was alleged to be an omission and failure on its part to adopt or establish proper or any rules for the giving of warning signals by its own or other locomotives or trains while being operated on said track." The case was prosecuted by plaintiff accordingly, and at the close of the evidence a motion was made to instruct the jury to return a verdict in behalf of the railway company because the evidence did not sustain the allegations of the complaint as to the negligence of that defendant, and the court granted the motion on that ground in view of the rules of the company, which it found "to amply cover all the contingencies arising in the prosecution of the various duties incident to railroad service at the point."

This was a ruling on the merits, and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them. The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried. As we have said the contention that the railway company was fraudulently joined as a defendant had been disposed of by the Circuit Court. But assuming, without deciding, that that contention could have been properly renewed under the circumstances, it is sufficient to say that the record before us does not sustain it.

*Judgment affirmed.*