## NICHOLS v. SPOKANE & E. RY. & POWER CO. et al.

District Court, D. Idaho, N. D.   September 10, 1927.

### No. 975.

Removal of causes ⊚⟞49(3)—Action for tort held not removable on ground of separable controversy.

Complaint *held* to show on its face joint liability of defendants for personal injury of plaintiff, and the cause not removable by nonresident defendant as presenting a separable controversy.

At Law. Action by George Nichols against the Spokane & Eastern Railway & Power Company and George Natwick. On motion to remand to state court. Granted.

Lynn W. Culp and John P. Gray, both of Cœur d'Alene, Idaho, for plaintiff.

Graves, Kiser & Graves, of Spokane, Wash., and Ezra R. Whitla, of Cœur d'Alene, Idaho, for defendant Spokane & E. Ry. & Power Co.

Ralph S. Nelson and J. Ward Arney, both of Cœur d'Alene, Idaho, for defendant Natwick.

CAVANAH, District Judge. The plaintiff herein seeks to hold the Spokane & Eastern Railway & Power Company, a nonresident corporation, and its codefendant, George Natwick, a resident of the state, for an act of negligence alleged to have been committed by both of the defendants. The case has been removed to this court upon the ground that a separable cause of action is stated against the company and also against the defendant Natwick, and at the present time the matter is before me on motions of the plaintiff to remand. At the hearing on the motions to remand, affidavits of plaintiff and one of his counsel, and testimony on behalf of the defendant company, were presented relating to the place of residence of plaintiff, as there appears to be a controversy in regard thereto. These affidavits disclose that the plaintiff is now and ever since November 13, 1926, has been a resident of the state of Washington, as he returned to that state with the intention of taking up his residence again there. While the testimony of defendants shows that, in the spring and fall of 1926, the plaintiff's conduct was such as to show that he had then established his residence in Idaho, such as executing a chattel mortgage and voting at the general election when he gave his residence to be in Idaho, yet the facts stated in the two affidavits, which are not contradicted, show that he did, after the general election, take up again his place of residence in the state of Washington, and which was prior to December, 1926, the time of bringing this action. Therefore I conclude from the record that plaintiff's place of residence was at the time the present case was instituted in the state of Washington.

We have then the residences of the plaintiff and the defendant Spokane & Eastern Railway & Power Company in the state of Washington, and the residence of the defendant Natwick in the state of Idaho—a diversity of citizenship existing between the plaintiff, who is a citizen and resident of the state of Washington, and the defendant Natwick, a citizen and resident of the state of Idaho.

The petitioners for removal aver that the suit involves more than one controversy, and that when separated there is found therein a controversy between the plaintiff and the defendant Spokane & Eastern Railway & Power Company, and also a controversy between the plaintiff and the defendant Natwick; that the causes of action are based upon different liabilities, and do not arise out of any joint act or action for which they are or could be jointly liable, as the acts complained of are wholly separate and distinct acts, not joint in their nature, but present separable controversies. Unless the pleadings disclose a separable controversy, the cause is not removable to this court. Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090.

This brings us then to the consideration

of the sole question as to whether the facts pleaded in the complaint, and which are not disputed on these motions, present a cause of joint liability against joint tort-feasors, or a cause of joint and separable liability.

It is alleged in plaintiff's complaint that, prior to and at the time the accident occurred, the defendants Spokane & Eastern Railway & Power Company constructed and maintained, for the mutual accommodation and use of itself and its codefendant, a spur situated at the ice and fuel plant of its codefendant, which was connected with the main line of the railroad of the defendant company, and was designed and used to facilitate the delivery to the defendant Natwick by the company of freight, and particularly fuel and ice; that the defendant company employed as motor power for operating the railroad electricity which was carried and transmitted through transmission wires and a trolley wire placed and strung above the railroad track, and extending the whole length thereof, including the spur, and held aloft by the aid of posts set in the ground on the right of way of the defendant company; that the wire was by the defendant company negligently placed and maintained by it over and above the spur, at an unsafe height above the track constituting the spur, and upon which cars were moved and placed, thereby making it unsafe and dangerous for persons who were and are compelled to go upon the cars on the spur in the performance of their duties, the clearance between the trolley wire on the spur and the top of the freight cars of the company being less than the height of the ordinary person; that the transmission and trolley wire at the time of the accident carried a high voltage electric current, sufficient to greatly injure and destroy the life of a person coming in contact therewith, and all of which was known by the defendants; that about July 12, 1926, plaintiff was in the special employment of the defendant Natwick, who had engaged his services at the plant to unload three cars of coal from cars in the possession of the defendant company, and which had been employed and used in transporting and delivering coal to the defendant Natwick at his plant; that the cars containing the coal had by the defendant company been "spotted" or placed on the spur at points and positions immediately west of the coal bins of the defendant Natwick for the purpose of enabling him to unload the cars by releasing the brakes thereon, when they would be, by force of gravity, moved down to a point opposite the coal bins where

the coal could be shoveled into the bins; that the defendant company knew that the only manner in which the cars could be unloaded by the employees of the defendant Natwick was by the employees' releasing the brakes on the cars and permitting them to move down the spur track to a point opposite the coal bins, where it would be necessary for them to be stopped by the employees by putting on the brakes, and that any employee who may be engaged in unloading coal there would be required to go upon the cars for the purpose and as the only means of operating the brakes thereof, which are situated on top of the defendant company's cars immediately beneath the trolley wire. The further allegations appear as to how the accident occurred, while plaintiff was in the performance of his duties as such employee, and it is charged that, when plaintiff received the injuries complained of, both of the defendants did negligently and carelessly maintain a dangerously charged wire at an elevation so low above the top of the cars on which the plaintiff was required to go that it was dangerous to the life and limb of any person operating the brakes of the cars, and that both of the defendants were negligent and careless in not warning and advising plaintiff of the presence of such charged and dangerous wire at such a height and at such close proximity to the place where the defendants knew the plaintiff was compelled to go for the purpose of operating the brakes on the cars; that the defendants were negligent and careless in not providing plaintiff with a reasonably safe place in which to perform his work of unloading coal from the cars, which caused him to come in contact with the electrically charged trolley wire, thereby causing the injuries which he claims to have received. Then follow the allegations of the nature and extent of the injuries received.

As to just what facts will constitute a separable controversy between a plaintiff and two or more defendants is often difficult to determine. Each case must be determined upon its own peculiar facts. In the present case it appears by the complaint that the injuries complained of occurred because of the negligence of both of the defendants, whose acts were joint as they were maintaining and operating together for their mutual accommodation and interest the cars and trolley wire over the spur at the plant of the defendant Natwick, which was connected with the main line of the railroad of the defendant company, and that they were then both negligently maintaining the dangerous-

ly charged wire at an elevation so low above the top of the car on which the plaintiff received his injury, and a place where the defendants knew the plaintiff was compelled to go to for the purpose of operating the brakes on the cars without warning him of the presence of such wire. It would seem, under the facts pleaded in the complaint, if proven, both of the defendants would be jointly liable to the plaintiff, and therefore the case falls within the rule that where, upon the face of the complaint, a joint suit against several defendants for damages for personal injuries is involved, no separable controversy for the purpose of removal exists, even though the defendants may answer separately, setting up separate defenses. This principle is clearly stated in Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528, as follows:

"As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, 'separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.'" Whitcomb v. Smithson, 175 U. S. 635, 20 S. Ct. 248, 44 L. Ed. 303.

There is no separable controversy here. The case presents a joint cause of action against all the defendants, and, as the removal is applied for on the ground of there being a separate controversy, the proper conclusion is that it does not come within the clause of the act of Congress relating to the removal of causes from a state to a federal court on the ground of a separable controversy wholly between citizens of different states. This is an ordinary action for the recovery of damages for personal injuries claimed to have been received. The liability depends on principles of general law applicable to the facts. Whatever the separate defenses of the defendants may be, they do not divide the suit into separate controversies within the intent and meaning of the act. This being so, the case does not come within the clause of the act relating to a separable controversy between citizens of different states.

The motion to remand is granted.