## HIGGINS v. YELLOW CAB CO.

### No. 46 C 1363.

District Court, N. D. Illinois, E. D.

Nov. 8, 1946.

Clarence M. Dunagan, of Chicago, Ill., for plaintiff.

Jesmer & Jesmer, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This suit was removed to this court from the Superior Court of Cook County, Illinois. The plaintiff was a passenger in one of defendant's vehicles and was injured in a collision on the south side of Chicago between defendant's vehicle and another vehicle driven by one Frank Lenti. The plaintiff filed suit in the Superior Court of Cook County against both the defendant herein and Frank Lenti. The defendant herein is a corporation organized under the laws of the State of Maine; the said Frank Lenti is a resident and citizen of the State of Illinois. On July 3, 1946, after the defendant herein had filed its answer, the plaintiff had a default judgment entered in the Superior Court of Cook County against defendant Frank Lenti in the sum of $25,000. On July 8, 1946, the defendant herein filed its petition and bond, for removal of the cause to this court, in the Superior Court of Cook County, on the ground that, with the resident defendant in default, the controversy in suit is now wholly between citizens of different states and involves an amount in excess of $3,000. The Superior Court of Cook County denied the motion to remove. On July 30, 1946, the defendant herein filed in this court a transcript of the record in the Superior Court of Cook County in accordance with the removal statute 28 U.S.C.A. § 72; Metropolitan Casualty Insurance Co. v. Stevens, 1941, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044. On August 1, 1946, the defendant herein petitioned this court for an order enjoining plaintiff, his attorneys and agents from prosecuting this cause of action in the Superior Court of Cook County or in any other court than this court.

■ Although a removal petition must ordinarily be filed no later than the time when the defendant is required to answer or plead to the complaint in the state court, the defendant herein seeks to bring this case within the rule of Powers v. Chesapeake & Ohio Ry. Co., 1898, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673, that a case may be removed to the federal courts at any time, even after the answer, when the voluntary act of the plaintiff, such as the voluntary dismissal of resident defendants, creates a basis for federal jurisdiction and hence, for the first time, makes removal possible. The defendant herein contends that when the plaintiff moved the Superior Court of Cook County to enter a default judgment against the said Frank Lenti, the resident defendant, he thereby voluntarily removed the resident defendant from the case, leaving it wholly between citizens of different states.

■ The court is of the opinion that the entry of a judgment against a defendant in default is not such a voluntary act of the plaintiff as to bring the case within the rule of the Powers case. First, default judgments arise by operation of law, although the plaintiff's attorney, as a formal matter, moves the court to enter judgment. But the court could enter a default judgment of its own motion. Whether a default judgment be regarded as a method of enforcing the court's process against a defendant who has ignored it, or whether default be regarded as a confession of liability by a defendant justifying the entry of judgment against him, the fact is that the entry of a default judgment is the act of the court, not of the plaintiff. Second, when a plaintiff pursues a defendant to the point of a default judgment, he has not removed that defendant from the case, as by voluntary dismissal of the claim against him, or by amendment of the pleadings, or by electing to proceed against a non-resident defendant when the resident defendant has not been served with process. Rather, the plaintiff here has pressed his claim against the defaulting defendant to the ultimate. In Whitcomb v. Smithson, 1900, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303, the rule of the Powers case was limited and held not applicable where the plaintiff pressed his claim against all defendants. The Supreme Court held that the fact that at the close of the evidence the trial court directed a verdict in favor of one of the defendants, thus removing him from the case, did not operate to make the cause then removable by the other defendants.

The defendant and petitioner herein has cited no case on this point determining the effect of a default judgment against the resident defendant in making a case removable by a non-resident defendant. This court has found no holding on the point. But in Berry v. St. Louis & S. F. R. Co.,

CC., 1902, 118 F. 911, at page 914, the court, in discussing the practice in apparently unreported cases, said, without citation of authority:

"There are also cases in which it is held that, where the defendant whose presence prevents a removal from a state court to a circuit court of the United States suffers a default such condition does not give rise to a right of removal in the remaining defendant * * * But in neither of these classes of cases is the result due to the voluntary action of the plaintiff whose election controls the course and nature of the suit. * * * Nor is he responsible for a default suffered by a defendant whom he has sued jointly with others upon a joint cause of action."

The petitioner's prayer for an injunction is therefore denied, and the cause is remanded to the Superior Court of Cook County, Illinois.