**Patricia R. SIPL, individually, and as guardian ad litem for Brent SIPL and Michelle Sipl, minors, Plaintiffs,**

v.

**UNITED BENEFIT LIFE INSURANCE COMPANY, a Nebraska Corporation, Pete Malcolm; and Does 1 through 30, inclusive, Defendants.**

**No. CV 82–5473–AAH.**

United States District Court,
C.D. California.

April 25, 1983.

Shernoff, Wild, Lipsky & Blickenstaff by William M. Shernoff, Claremont, Cal., for plaintiffs.

Guy O. Kornblum by Abigail S. Kelly, San Francisco, Cal., for defendant, United Benefit Life Ins. Co.

## DECISION AND ORDER

HAUK, Senior District Judge.

This matter came on for hearing before this Court on March 7, 1983, upon plaintiffs' motion to remand this case, a diversity action as originally alleged, back to the California Superior Court for the County of Orange.

Plaintiffs, all California residents, instituted suit against United Benefit Insurance Co., ("United"), a Nebraska Corporation, Pete Malcolm, ("Malcolm"), a California resident, and Does 1–30, in the California Superior Court for the County of Orange on February 10, 1982. Plaintiff set forth eight causes of action, all centering around a claimed tortious breach of a life insurance contract. United is the insurance company which wrote the disputed insurance policy. Malcolm is the insurance agent who sold the life insurance policy to plaintiffs' deceased husband and father.

On May 28, 1982, Malcolm filed for bankruptcy in the United States Bankruptcy Court, Central District of California, Santa Ana, California. The bankruptcy proceeding, of course, stayed all judicial actions and thus effectively prevented service of the State suit upon Malcolm, although from the initiation of the suit he has been a named defendant.

On October 22, 1982, pursuant to 28 U.S.C. § 1441(a), United removed this action to this Federal Court. United argues that because Malcolm was forced into bankruptcy, his debt to the plaintiffs was discharged and therefore, he was no longer a party to the action. Therefore, contends

**42**

United, the case then became removable to this Federal Court since the remaining defendant is not a resident of the State of California, the State in which this Federal Court is located. 28 U.S.C. § 1441(b).

Plaintiffs base their motion to remand to State court on two theories: (1) Malcolm is still a party to the suit, because the nature of the claim against him makes the debt non-dischargeable in bankruptcy; and (2) even if Malcolm's debt to plaintiffs was dischargeable by the Bankruptcy Court, it did not constitute a *voluntary* dismissal by plaintiffs of the case against him. Only a *voluntary* act by the plaintiffs can create grounds for removal on the basis of diversity of citizenship. A necessary corallary of this second theory is that an *involuntary* dismissal of an in-State defendant cannot create grounds for removal on the basis of diversity of citizenship.

### (1) *Dischargeability of the Claim*

When an individual becomes a bankrupt debtor, the Bankruptcy Act, 11 U.S.C. § 727(a), requires the Bankruptcy Court to grant the debtor a discharge of his debts, but the Act provides an exception to the discharge of a bankrupt's debts, 11 U.S.C. § 523(a)(6):

> "(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> > (6) for willful and malicious injury by the debtor to another entity, or to the property of another entity."

Plaintiffs claim that Malcolm's debt to them falls within this exception and is not dischargeable.

■ The Bankruptcy Court has exclusive jurisdiction to determine whether a debt is non-dischargeable. Here it was up to the plaintiffs to bring a motion before the Bankruptcy Court, asking the Bankruptcy Court, after hearing the merits of the claim, to determine whether the debt was non-dischargeable. *Lasagna Inc. v. Foster,* 609 F.2d 392 (9th Cir.1979).

If plaintiffs wanted to assert that their claim was non-dischargeable they had to do

it in a timely manner, to wit, between 30 and 90 days after the first date set for the first meeting of creditors. Bankruptcy Code § 409(a)(2). Under this section, the Bankruptcy Court established that July 26, 1982 was the last date on which plaintiffs could assert that their claim against Malcolm was non-dischargeable. Plaintiffs failed to make such assertion by this date. The failure to make this timely assertion in the Bankruptcy Court resulted in a waiver of the right of the plaintiffs to challenge the dischargeability of their claims against Malcolm. *In re Magouirk,* 16 B.R. 883 (Bkrtcy.App., 9th Cir.1982).

### (2) *The "Voluntary-Involuntary" Rule*

■ The "Voluntary-Involuntary" rule requires that a suit remain in State court unless a voluntary act of the plaintiff is what brings about the change which renders the case removable. *Whitcomb v. Smithson,* 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900), *Powers v. Chesapeake & O. Ry.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898), *Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir.1978).

In *Whitcomb, supra,* a directed verdict was ordered in favor of a non-diverse defendant, seemingly clearing the way for the case to be heard in Federal Court since the remaining parties satisfied the diversity requirement. The Supreme Court did not allow removal, and ordered that the case be remanded back to State court. It held that the directed verdict was "adverse to the plaintiff, and without his assent," *Id.* 175 U.S. at 638, 20 S.Ct. at 250. The court held that the plaintiff did not voluntarily create the grounds for removal. The lower court's action in directing the verdict was an order which was obviously contrary to the plaintiff's wishes and could not create grounds for removal.

In *Self, supra,* the plaintiff brought suit against two parties, an in-State driver of the car which injured him, and General Motors, the out-of-State manufacturer of the automobile involved in the accident. Plaintiff won the suit against both parties in State court, but General Motors was awarded a new trial while the driver of the

car did not appeal. Inasmuch as the new trial would have been only between General Motors and the plaintiff, thereby creating diversity because the in-State driver of the car was no longer party to the suit, General Motors removed the case to Federal District Court. The District Court refused to remand the case back to State court. On appeal, the Ninth Circuit reversed the lower Court and ordered it to remand the case back to State court because "the plaintiff ... ha[d] neither dismissed nor discontinued the case against [the driver], voluntarily or otherwise." *Id.,* at 660. General Motors claimed that in a new trial the same complete diversity would exist as if the plaintiff had voluntarily dismissed the case against the driver. The Ninth Circuit agreed that there was an appearance of diversity, but held that it was nevertheless "... obliged to follow the formalistic approach [of the voluntary-involuntary rule] adopted by the Supreme Court." *Id.,* at 660, n. 6. The operating fact was that the plaintiff did *not voluntarily* dismiss the suit against the in-State driver of the car.

■ In the case before us, United claims that plaintiffs' failure to assert their objections to the dischargeability of their claim against Malcolm constituted an implicit voluntary dismissal thereof, by which plaintiff voluntarily created the grounds for removal. This contention is not viable.

Plaintiffs' failure to pursue their contention in Bankruptcy Court that their claim was non-dischargeable was not their desire to voluntarily dismiss the *actual claim* against Malcolm. It was their realization that they could not prove the required elements of *non-dischargeability* (willfulness and maliciousness). Plaintiffs did not intimate that they could not prove, or that they were willing to dismiss, their actual claim against Malcolm. What plaintiffs did realize was that they could not prove that Malcolm acted wilfully and with malice. In no way did they voluntarily dismiss their claim against Malcolm. What rebuffed and discharged plaintiffs' claim against Malcolm was Malcolm's bankruptcy and the Orders of the Bankruptcy Court, neither of which

was a voluntary act of the plaintiffs. Just as the directed verdict was in *Whitcomb, supra,* the bankruptcy was "adverse to the plaintiff, and without his assent." *Id.* 175 U.S. at 638, 20 S.Ct., at 250.

■ United also argues that since Malcolm was never served with a summons he was never a party to the suit and therefore, the diversity requirement for removal has been satisfied. This argument is not persuasive. There is sufficient proof that plaintiff took diligent and verifiable steps in trying to locate and serve Malcolm. Although 28 U.S.C. § 1441(b) states that an action may be removed to the Federal District Court on grounds of diversity "... if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which the action is brought," the Ninth Circuit has ruled:

"Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of *diversity is determined from the fact of the citizenship of the parties named and not from the fact of service.*" (emphasis added). *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir.1969).

### ORDER

For the reasons specified in the foregoing Decision, the Court hereby grants plaintiffs' motion to remand this case to the California Superior Court for the County of Orange pursuant to 28 U.S.C. § 1447(c), and reaffirms our "Order Remanding Action to State Court for Improper Removal" filed herein March 10, 1983 and entered March 11, 1983. The Clerk shall forthwith file this Decision and Order and serve all parties to this action with copies thereof.