**In re IOWA MANUFACTURING COMPANY OF CEDAR RAPIDS, IOWA, Petitioner.**

No. 84–2068.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1984.

Decided Oct. 31, 1984.

Lewis D. Jones, Fayetteville, Ark., for appellant.

Mart Vehik, Little Rock, Ark., for appellee.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Iowa Manufacturing Company (IMC) seeks a writ of mandamus from this Court compelling the district court[1] to rescind its order of remand and accept jurisdiction of the case for trial on its merits. We decline to issue the writ and affirm the order of remand to the state court.

Jack Gault, an Arkansan, brought a personal injury suit in Arkansas state court, suing Don Tidwell (an Arkansan) and two non-residents, IMC and Wenzel Machinery Rental and Sales. Tidwell successfully moved for summary judgment, which created complete diversity between plaintiffs and defendants. As a result, the remaining non-resident defendants removed the case to the district court. The district court declined to accept jurisdiction, however, because Tidwell's dismissal was involuntary relative to the plaintiffs, and an involuntary dismissal cannot change a previously unremovable case into a removable case.

Although our jurisdiction to hear this case is an unsettled issue,[2] we assume, for purposes of this appeal, that the issue is properly before us.

In remanding the case to the state court, the district court relied upon the "voluntary-involuntary" rule announced in *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 99–101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898), *Whitcomb v. Smithson*, 175 U.S. 635, 638, 20 S.Ct. 248, 250, 44 L. 303 (1900), and their progeny. The rule establishes a bright line test for evaluating removability. If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.

---

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

2. Under 28 U.S.C. § 1447(c),

   [i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

   Review of remand orders is generally forbidden under 28 U.S.C. § 1447(d):

   An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State Court from which it is remanded pursuant to 1443 of this title shall be reviewable by appeal or otherwise.

   The Supreme Court has interpreted these subsections to mean that "only remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d)." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976) (review was proper where district court judge remanded case to state court because his crowded docket precluded a speedy result). The Su-

preme Court subsequently read the *Thermtron* exception narrowly: "*Thermtron* did not question but re-emphasized the rule that § 1447(c) remands are not reviewable." *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 724, 97 S.Ct. 1439, 1440, 52 L.Ed.2d 1 (1977) (per curiam).

Thus, whether we have jurisdiction to consider the petition for writ of mandamus depends on whether the district court "invok[ed] the grounds specified [in § 1447(c)]" when it relied on the "voluntary-involuntary" rule.

We note a probable lack of jurisdiction because this case does not fall within the *Thermtron* exception. In addition, the legislative history of the removal sections of the Judicial Code suggest that the "voluntary-involuntary" rule was incorporated into the Code and, thus, might be inferred to be part of the grounds specified in § 1447(c). *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir.1967); Sen.Rep. No. 303, 81st Cong., 1st Sess., *reprinted in* 1949 U.S. Code Cong.Serv. 1248, 1268.

Nonetheless, we decline to decide the jurisdiction issue, noting that it would not alter the result of our opinion; we reserve its resolution for another day.

██ We join the three circuits that have previously determined that the "voluntary-involuntary" rule survived the 1949 amendment of the Judicial Code. *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir.1949); *Self v. General Motors Corp.*, 588 F.2d 655, 658 n. 4 (9th Cir.1978); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir.1967). The *Weems* Court relied on legislative history of 28 U.S.C. § 1446(b), which embodies the voluntary portion of the rule. That history suggests that the rule as announced by the Supreme Court in *Powers* was incorporated into the statute. *See* Sen.Rep. No. 303, 81st Cong., 1st Sess., *reprinted in* 1949 U.S.Code Cong.Serv. 1268. Lacking any clear direction to the contrary, we infer that the involuntary portion of the rule also survived the 1949 amendment. As a result, we decline to issue the writ, and affirm the district court's order of remand to the state court.