James WINGFIELD, Plaintiff,

v.

FRANKLIN LIFE INSURANCE COMPANY, Michael Woods, and Jane Doe, Defendants.

No. Civ. 2:98cv1442.

United States District Court, E.D. Virginia, Norfolk Division.

Feb. 19, 1999.

---

Michael B. Salasky, Norfolk, VA, for plaintiff.

Eric W. Schwartz, Mays & Valentine, Norfolk, VA, for defendants.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's Motion to Remand. For the reasons stated below, plaintiff's motion is **GRANTED.**

*I.   Factual and Procedural History*

On March 19, 1998, plaintiff filed a Motion for Judgment in the Circuit Court for the City of Virginia Beach. According to

plaintiff's complaint, in June, 1996, defendant Franklin Life Insurance Company ("Franklin") issued a life insurance policy to plaintiff's wife, Linda Wingfield, in the amount of $100,000. Defendant Michael Woods was Franklin's agent, and he sold the policy in question to the Wingfields. Prior to issuing the policy, Woods hired Jane Doe, an unidentified nurse, to perform a physical examination of Mrs. Wingfield. Based upon that examination and a review of Mrs. Wingfield's medical history, Franklin issued the policy. It named plaintiff as the beneficiary. On May 28, 1997, Mrs. Wingfield died of breast cancer, and on June 16, 1997, plaintiff made a demand for payment from Franklin. Franklin refused to honor the policy, however, because Mrs. Wingfield allegedly failed to reveal a history of hypertension during her pre-insurance health screening.

Count I of plaintiff's complaint alleged breach of contract against only Franklin. Count II alleged negligence against all three defendants, asserting that had defendants properly conducted their health history review, they would have discovered Mrs. Wingfield's history of hypertension, denied coverage at that time, and Mrs. Wingfield would have had the opportunity to obtain life insurance from some other insurance company. Count III alleged waiver and estoppel against all three defendants, arguing that defendants had constructive knowledge of Mrs. Wingfield's hypertension.

Defendants Franklin and Woods filed demurrers to Counts II and III of plaintiff's Motion, and on August 10, 1998, the state circuit court sustained their demurrers. The court also denied plaintiff's motion to substitute another party for Jane Doe. The court based its rulings on the conclusion that Virginia law does not recognize the claims alleged in Counts II and III. On August 11, 1998, plaintiff filed an Amended Motion for Judgment, which alleged only a breach of contract claim and a plea of waiver and estoppel against defendant Franklin. On October 30, 1998,

plaintiff moved to amend his Amended Motion for Judgment, and the circuit court granted him leave to do so. On December 11, 1998, plaintiff filed a Second Amended Motion for Judgment, restating his contract claim and adding additional claims for fraud, bad faith, and punitive damages.

On December 16, 1998, Franklin filed a notice of removal, asserting federal diversity jurisdiction, and an Answer to plaintiff's Second Amended Motion for Judgment. On January 12, 1999, plaintiff filed this Motion to Remand. Franklin filed a response on January 26, 1999, and plaintiff replied on January 28, 1999. The court held a hearing on plaintiff's motion on February 11, 1999. Accordingly, this matter is ripe for decision.

## II. Analysis

A defendant may remove any action from state court to federal court over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Even on a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994). "[B]ecause removal jurisdiction raises significant federalism concerns, its application should be strictly construed. If federal jurisdiction is doubtful, a remand is necessary." *Wagner v. Regent Invs., Inc.*, 903 F.Supp. 966, 968 (E.D.Va.1995).

In this case, the court finds that remand is proper for two reasons: 1) the case lacks complete diversity; and 2) even if complete diversity were present, defendant Franklin's notice of removal was untimely.

### A. Complete Diversity

Federal diversity jurisdiction requires complete diversity, namely, no plaintiff may share common state citizen-

ship with any defendant. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Plaintiff, a citizen of Virginia, is diverse with respect to defendant Franklin, an Illinois corporation with its principle place of business in Illinois, but not with respect to defendants Woods and Doe, who are both citizens of Virginia. Defendant Franklin argues that because the Virginia Beach Circuit Court sustained demurrers to the only two counts in plaintiff's complaint relating to defendants Woods and Doe, the suit is now completely diverse. However, Franklin's position is incorrect.

■ It is well-established that a federal court cannot exercise diversity jurisdiction over a case that becomes removable because of the involuntary dismissal of all non-diverse defendants, as opposed to some voluntary action on the part of the plaintiff. *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316–17, 35 S.Ct. 355, 59 L.Ed. 594 (1915) ("We cannot agree ... [that] when the court had sustained the demurrers to the evidence as to [the non-diverse defendants] ..., the case was so far terminated as between the plaintiff and the resident defendants as to leave a removable controversy wholly between the plaintiff and a non-resident corporation."); *Whitcomb v. Smithson*, 175 U.S. 635, 638, 20 S.Ct. 248, 44 L.Ed. 303 (1900); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *accord Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir.1992); *In re Iowa Mfg. Co.*, 747 F.2d 462, 464 (8th Cir.1984); *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n. 2 (2d Cir.1980); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–88 (10th Cir.1979); *Self v. General Motors Corp.*, 588 F.2d 655, 657–60 (9th Cir.1978); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548–49 (5th Cir.1967).[1] The reason for the "voluntary-involuntary" rule is that the non-diverse defendants are not truly removed from the case because the order dismissing them could be overturned on appeal, and they could be reinstated, thereby destroying complete diversity.[2]

While it is true that in this case plaintiff amended his complaint to state a claim against only defendant Franklin, he did so only in response to an involuntary action— the dismissal of Counts II and III of his original complaint. In fact, Virginia law provides that when a plaintiff amends his pleading after a court sustains a demurrer,

> he shall not be deemed to have waived his right to stand upon his pleading before the amendment, provided the order of the court shows that he objected to the ruling of the court sustaining the demurrer.[3] On any appeal of such a

---

1. A number of circuits have expressly held that the "voluntary-involuntary" rule first articulated by the Supreme Court in *Kettelhake* and *Whitcomb* survived the 1949 enactment of § 1446, which provides that a case may be removed at any point that the parties become completely diverse. *Poulos*, 959 F.2d at 72; *In re Iowa Mfg. Co.*, 747 F.2d at 464; *DeBry*, 601 F.2d at 486–88; *Weems*, 380 F.2d at 548–49.

2. The Second Circuit has held that if the time to appeal the state court order dismissing all non-diverse defendants has expired, remand would not be proper. *Quinn*, 616 F.2d at 40 n. 2. However, the Ninth Circuit has expressly disagreed with that ruling. *Self*, 588 F.2d at 658. The Fourth Circuit has not ruled on this issue, but, even were it to adopt the Second Circuit rule, plaintiff's time to file an appeal of the demurrers to Counts II and III has not

expired. "[A] judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." *Wells v. Whitaker*, 207 Va. 616, 628, 151 S.E.2d 422, 432 (1966) (citing *Wells v. Jackson*, 17 Va. (3 Munf.) 458 (1811)); *see also Leggett v. Caudill*, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994) (quoting *Whitaker*). By sustaining defendants' demurrers, the Virginia Beach Circuit Court rendered final judgment with regard only to defendants Woods and Doe. Since plaintiff's case continued with respect to defendant Franklin, the order sustaining the demurrers was not a final judgment, and the time for appeal of those demurrers has not yet arrived.

3. The Virginia Beach Circuit Court's August 10, 1998, order "notes the plaintiff's objections to sustaining Demurrers to Count II and Count III of his pleading."

case the demurree may insist upon his original pleading, and if the same be held to be good, he shall not be prejudiced by having made the amendment. Va.Code Ann. § 8.01–273 (Michie 1992). Thus, plaintiff removed defendants Woods and Doe from the case involuntarily, and pursuant to the "voluntary-involuntary" rule, the case lacks complete diversity. Accordingly, this court lacks subject matter jurisdiction, and remand is proper.

## B. Timeliness of Defendant Franklin's Notice of Removal

■ Even if complete diversity was present in this case, remand is proper because defendant Franklin's notice of removal was untimely. 28 U.S.C. § 1446(b) provides that a defendant must file a notice of removal within thirty days after receiving the plaintiff's complaint. However,

[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the *case* is one which is or has become removable....

28 U.S.C. § 1446(b) (emphasis added).

■ In this case, plaintiff filed his initial complaint on March 19, 1998. The initial case was not removable because plaintiff, defendant Woods, and defendant Doe are all citizens of Virginia. However, plaintiff's Amended Motion for Judgment, filed on August 11, 1998, contained a claim against only defendant Franklin. The Amended Motion for Judgment was clearly the paper filed in this case from which it was *first* ascertainable that the case was removable.[4] Defendant Franklin failed to file a notice of removal until December 16, 1998, well over thirty days following its receipt of plaintiff's Amended Motion for Judgment.

During the hearing on plaintiff's motion, defendant Franklin argued that its notice was timely because it filed its notice within thirty days of plaintiff's Second Amended Motion for Judgment. However, § 1446(b) does not allow a defendant to file a notice of removal within thirty days of *any* amended pleading, motion, order, or other paper revealing grounds for removal. The defendant must file its notice within thirty days of receiving any paper *first* revealing grounds for removal. Moreover, it is not relevant that plaintiff's Second Amended Motion for Judgment added new claims against defendant Franklin. Section § 1446(b) does not give a defendant a new opportunity to file a notice of removal every time the plaintiff amends his com-

4. The Fourth Circuit has held that in order for the thirty-day period to start running, the grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997). Courts should not "inquire into the subjective knowledge of the defendant." *Id.* Plaintiff's Amended Motion for Judgment states that he "is a resident of the city of Virginia Beach, Virginia." It is true that "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir.1998) (citations omitted); accord *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). A person's domicile is the state in which a person is living with the intent to remain permanently, *Commissioner of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir.1950), so domicile is residence plus the intent to remain permanently. However, *Lovern* requires only that the face of the initial pleading or subsequent paper give defendant "notice of the grounds for removal." *Lovern*, 121 F.3d at 162. Plaintiff's statement of residency, together with the other facts alleged in the amended complaint, was sufficient to give defendant Franklin notice of grounds for removal. *Cf. id.* at 161 (noting that the plaintiff's initial complaint gave "*no* indication" of his citizenship (emphasis added)).

plaint to state a new claim against the defendant. Rather, a defendant must file its notice of removal within thirty days of first learning of the grounds for removing the entire *case.* Plaintiff's Amended Motion for Judgment, filed on August 11, 1998, first revealed to defendant Franklin that plaintiff's case was removable. Franklin failed to file a notice of removal within thirty days of receiving plaintiff's amended complaint. Accordingly, defendant's notice of removal is untimely, and remand is proper.

### III. Conclusion

For the reasons stated above, plaintiff's Motion to Remand is **GRANTED.** The Clerk of this court shall take the necessary action to effect the remand of the case to the Virginia Beach Circuit Court.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all counsel of record in the case.