Karen PHILLIPS, Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC., Defendant.

Civil Action No. 2:08cv527.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 15, 2008.

Carroll A. Rutter, III, Esquire, Robert L. Mills, Esquire, Rutter Mills LLP, Norfolk, VA, for Plaintiff.

Erik H. Nyce, Esquire, DeCaro Doran Siciliano Gallagher & DeBlasis LLP, Fairfax, VA, for Defendant.

## MEMORANDUM REMAND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's motion to remand and motion for costs and attorneys' fees, both filed on November 20, 2008. Defendant responded to the motion to remand on December 1, 2008, and plaintiff replied on December 3, 2008. Defendant did not respond to plaintiff's motion for attorneys' fees. These motions are now ripe for review.[1] For the reasons stated below, the court **GRANTS** the motion for remand and **DENIES** the motion for attorneys' fees.

### I. Background

In early March, 2008, defendants BJ's Wholesale Club, Inc. ("BJ's") and Barbara Harris ("Harris") were served with a summons and a copy of a complaint filed by plaintiff in the Circuit Court of the City of Norfolk ("circuit court"). Plaintiff, a former BJ's employee, alleged that BJ's and Harris, a store manager, breached their duties to warn and protect her against an assault by her estranged husband, who shot plaintiff on BJ's premises. Both Harris and BJ's filed demurrers. On October 21, 2008, the circuit court sustained Harris's demurrer, and denied BJ's demurrer.

On November 4, 2008, BJ's filed a petition for removal in this court. *See* 28 U.S.C. §§ 1441, 1446. According to BJ's, the amount in controversy exceeds $75,000, and complete diversity exists between the parties, because Harris—the nondiverse party—has been dismissed. *See* 28 U.S.C. § 1332. After removal of the case to this court, plaintiff filed a motion to remand, claiming that the involuntary dismissal of

---

**1.** This Memorandum Remand Order addresses all pertinent remand issues raised by the parties. On November 21, 2008, plaintiff filed a motion for leave to file an amended motion to remand, to which no objection was filed. The court granted plaintiff's motion on December 11, 2008. On December 8, 2008, defendant moved the court for leave to file a surreply to plaintiff's motion for remand. While this motion is not yet mature, the court has considered the substance of defendant's surreply, which was attached to the motion.

Harris precluded removal on the basis of diversity. Defendant opposes remand, maintaining that diversity exists because plaintiff fraudulently joined Harris as a defendant in the case.

## II. Analysis

■ A defendant may remove any action from state court to federal court in which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Even on a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994). "Because removal jurisdiction raises significant federalism concerns, its application should be strictly construed.... If federal jurisdiction is doubtful, a remand is necessary." *Wagner v. Regent Invs., Inc.*, 903 F.Supp. 966, 968 (E.D.Va.1995).

### 1. The Involuntary–Dismissal Rule Precludes Diversity

■ The court finds remand proper in this case because of the absence of complete diversity. Federal diversity jurisdiction requires complete diversity: no plaintiff may share common state citizenship with any defendant. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Plaintiff, a citizen of Virginia, is diverse with respect to defendant BJ's, a Delaware corporation with its principal place of business in Massachusetts, but not with respect to defendant Harris, who is a citizen of Virginia. (Pet. for Removal 1–2.) BJ's contends that the suit is completely diverse because the circuit court dismissed Harris—the nondiverse party—by sustain-

ing her demurrer. *See Boss v. Nissan North America, Inc.*, 228 Fed.Appx. 331, 336 (4th Cir.2007) (unpublished). As set forth below, however, the involuntary dismissal of a nondiverse party does not create grounds for removal.

■ A federal court cannot exercise diversity jurisdiction over a case that becomes removable because of the involuntary dismissal of all nondiverse defendants, as opposed to some voluntary action by the plaintiff. *See American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316–17, 35 S.Ct. 355, 59 L.Ed. 594 (1915) ("We cannot agree ... [that] when the court had sustained the demurrers to the evidence as to [the non-diverse defendants] ..., the case was so far terminated as between the plaintiff and the resident defendants as to leave a removable controversy wholly between the plaintiff and a non-resident corporation"); *Whitcomb v. Smithson*, 175 U.S. 635, 638, 20 S.Ct. 248, 44 L.Ed. 303 (1900) (involuntary dismissal of a nondiverse defendant by the court's grant of a directed verdict does not create grounds for removal); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1988) (not permitting removal "if the non-diverse party has been involuntarily dismissed by order of the state judge"); *Wingfield v. Franklin Life*, 41 F.Supp.2d 594, 597 (E.D.Va.1999) (explaining that a case does not become removable through involuntary dismissal of all non-diverse defendants); *accord Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir.1992); *In re Iowa Mfg. Co.*, 747 F.2d 462, 464 (8th Cir.1984); *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n. 2 (2d Cir.1980); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–88 (10th Cir.1979); *Self v. General Motors Corp.*, 588 F.2d 655, 657–60 (9th Cir.1978); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548–49 (5th Cir.1967).[2] The

---

**2.** Moreover, many circuits have expressly held that the "voluntary-involuntary" rule ar-

ticulated by the Supreme Court in *Kettelhake*

involuntary-dismissal rule exists because the court's order does not truly remove nondiverse defendants from the case. *See Higgins,* 863 F.2d 1162 at 1166, *Wingfield,* 41 F.Supp.2d at 597. If an appeal overturns the court's order, the nondiverse parties could be reinstated, thus destroying complete diversity. *Id.*[3]

Since the circuit court removed defendant Harris by sustaining her demurrer, the case lacks complete diversity under the involuntary-dismissal rule. Accordingly, this court lacks subject matter jurisdiction, and remand is proper.

### 2. *Defendant Has Not Properly Alleged or Proved Fraudulent Joinder*

■ In responding to plaintiff's motion to remand, defendant BJ's argues that the involuntary-exception rule does not apply, and complete diversity does exist, because defendant Harris was fraudulently joined. According to BJ's, plaintiff could not have plausibly alleged a claim against Harris, a BJ's manager. The petition for removal, however, alleges nothing about fraudulent joinder, but simply asserts diversity jurisdiction. In a similar case where a defendant argued fraudulent joinder in response

to a motion to remand, although fraudulent joinder was not mentioned in the notice of removal, this court held that the belated allegation of fraudulent joinder did not provide a basis for federal jurisdiction. *Tincher v. Ins. Co. of State of Pa.,* 268 F.Supp.2d 666 (E.D.Va.2003). The same is true here.

■ Nor has BJ's moved to amend its petition for removal to incorporate this allegation. Moreover, if BJ's had requested leave to amend, the court would not have granted the request. Courts have generally adopted a strict construction of the general rule that "allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after expiration of the 30–day removal period, whereas 'missing allegations may not be supplied nor new allegations furnished.'" *Richmond, F. & P.R. Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804, 805 (E.D.Va.1981) (quoting *Thompson v. Gillen,* 491 F.Supp. 24, 27 (E.D.Va. 1980)); *but see Ginn v. Stegall,* 132 F.R.D. 166, 167 (E.D.Va.1990)(advocating liberal permission to amend defects in a notice of removal). However, even under a liberal interpretation of the general rule, this

and *Whitcomb* has survived the 1949 enactment of 28 U.S.C. § 1446, which provides for removing a case at any point that the parties become completely diverse. *Poulos,* 959 F.2d at 72; *In re Iowa Mfg. Co.,* 747 F.2d at 464; *DeBry,* 601 F.2d at 486–88; *Weems,* 380 F.2d at 548–49. As the Fourth Circuit and other circuits have continued to apply the involuntary-dismissal rule well past 1949 to date, these courts have implicitly, if not directly, held that § 1446 does not abrogate the rule. *See, e.g., Higgins,* 863 F.2d 1162 at 1166; *Quinn,* 616 F.2d at 40 n. 2; *Self,* 588 F.2d 655 at 657–60; *Wingfield,* 41 F.Supp.2d at 597.

**3.** The Second Circuit has held that if the time to appeal the state court order dismissing all *non-diverse defendants* has expired, remand would not be proper. *Quinn,* 616 F.2d at 40 n. 2. The Ninth Circuit, however, has express-

ly disagreed with that conclusion. *Self,* 588 F.2d at 658. The Fourth Circuit has not ruled on this issue, but, even if it adopted the Second Circuit rule, plaintiff's time to file an appeal of the demurrer has not expired. "[A] judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." *Wells v. Whitaker,* 207 Va. 616, 628, 151 S.E.2d 422 (1966); *see also Leggett v. Caudill,* 247 Va. 130, 133, 439 S.E.2d 350 (1994) (order not final if court has "something further to be done" to resolve a cause of action).

By sustaining the demurrer, the circuit court rendered final judgment only to defendant Harris. As plaintiff's case continued with respect to defendant BJ's, the order sustaining defendant Harris's demurrer was not a final judgment, and the time for appeal of that demurrer has not yet arrived.

court would not grant leave to amend, *because the allegation that defendant Harris was fraudulently joined is entirely missing from the petition for removal.* BJ's did not raise this issue until its response to plaintiff's motion to remand, *well beyond the thirty-day time limit for removal.* *See* 28 U.S.C. § 1446(b). BJ's failure to properly and timely raise this ground cannot be viewed as a mere technical defect or imperfection.

█ Finally, regardless of the above defects, defendant has not met its heavy burden of proving that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" or that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Beaudoin v. Sites*, 886 F.Supp. 1300, 1301 (E.D.Va.1995) (emphasis in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)). A mere "glimmer of hope" for relief is sufficient to defeat removal based on fraudulent joinder. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir.1999).

█ This court cannot say that plaintiff had no possibility of asserting a claim against defendant Harris, as this store manager allegedly received several threatening phone calls and an angry visit from plaintiff's estranged husband on the day of the shooting. (Complaint ¶¶ 10–12.) These allegations at least create a "glimmer of hope" for relief based on breach of a duty to protect plaintiff against "an imminent probability" of third-party injury. *See Wright v. Webb*, 234 Va. 527, 362 S.E.2d 919 (1987) (imposing a duty on a business invitor to protect an invitee if aware of an imminent danger of criminal assault). Moreover, no evidence suggests

that plaintiff fraudulently pleaded jurisdictional facts. Thus, even if defendant had properly asserted fraudulent joinder in the removal petition, the argument would substantively fail.

### 3. *No Evidence of Bad Faith Supports an Award of Costs and Attorneys' Fees*

█ Plaintiff also requests that the court award costs and attorneys' fees incurred in seeking remand. To give an award, the court must find that defendant BJ's acted in bad faith in removing the case from state court. *See ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir.1987). While the court has granted the motion to remand for the reasons stated herein, the court does not find evidence of bad faith in the removal. Thus, the court **DENIES** plaintiff's motion for costs and attorneys' fees.

### III. Conclusion

For the reasons stated above, plaintiff's motion to remand is **GRANTED,** and this case is **ORDERED** remanded to the Circuit Court for the City of Norfolk for further proceedings.[4] The Clerk is **DIRECTED** to forward a copy of this Memorandum Remand Order to all parties and to effect the remand.

**IT IS SO ORDERED.**

---

4. Defendant's motion for summary judgment, filed December 1, 2008, plaintiff's motion for leave to file an amended response to oppose summary judgment, filed December 5, 2008, and defendant's supplemental motion for summary judgment, filed December 9, 2008, remain for the Circuit Court of the City of Norfolk to address as it deems appropriate.